### James P. O'NEIL

v.

### STATE.

### No. 2001–363–C.A.

Supreme Court of Rhode Island.

Dec. 20, 2002.

James O'Neil.

Aaron L. Weisman, Providence.

## O R D E R

James P. O'Neil (O'Neil), appeals, *pro se*, from an order denying his motion for modification of sentence and his application for post-conviction relief. O'Neil contends that the motion justice erred in denying him post-conviction relief because he had not yet filed a request for such relief. O'Neil alleges that the motion justice misconstrued his motion to modify his sentence and his motion for appointment of counsel as a request for post-conviction relief. After examining the parties' pre-briefing statements, a single justice of this Court ordered them to show cause why we should not decide this appeal summarily. Because neither party has done so, we proceed to decide the appeal at this time.

In July 1996, O'Neil pled guilty to multiple crimes, including robbery and burglary. In March 1997, he received a cumulative sentence of thirty-three years, with eighteen years to serve in prison. More than four years later, on July 30, 2001, O'Neil filed a motion with the Superior Court to appoint counsel for him "to represent his interests in his [a]pplication [f]or [p]ostconviction [r]elief/[m]otion to [m]odify [s]entence." The next day, on July 31, 2001, he filed a motion to modify his sentence. In support of this motion, O'Neil alleged that the state relied upon perjured testimony in securing his plea bargain for the multiple crimes to which he pled guilty.

The Superior Court did not conduct a hearing on O'Neil's motions. Rather, on July 31, 2001, a motion justice summarily denied his motion for modification of his sentence, ruling that he filed the motion out of time. He also found that O'Neil's guilty plea had been entered knowingly and voluntarily. The motion justice further observed that no one introduced any testimony in connection with that plea. Therefore, he ruled, "O'Neil's [application]

for post conviction relief is denied and dismissed."

On appeal, O'Neil argues that the motion justice misconstrued his motions for appointment of counsel and for modification of sentence as a request for post-conviction relief. He states that he has not yet filed an application for post-conviction relief. O'Neil contends that he asked for the appointment of counsel to aid him in preparing an application for post-conviction relief. He argues that he should have been afforded a hearing if the motion justice had a question about his motions. He requests us to reverse the motion justice's order and to appoint counsel to assist him in preparing an application for post-conviction relief.

The state in its prebriefing statement submits that it has no objection to this Court remanding the case to the Superior Court to allow O'Neil to proceed with an application for post-conviction relief. Although it believes that the motion justice was probably justified in finding that O'Neil's assertions about perjured testimony were meritless, the state does not oppose the remand of this case to allow him to request post-conviction relief.

An indigent applicant for post-conviction relief has the right to appointed counsel for his or her first application for post-conviction relief. *See* G.L.1956 § 10–9.1–5; *Shatney v. State*, 755 A.2d 130, 135–36 (R.I.2000) (per curiam).[1] Here, it appears that this indigent petitioner has not previously applied for post-conviction relief. Thus, the motion justice erred in not first appointing counsel for O'Neil before denying him post-conviction relief. In addition, if appointed counsel believes that an application for post-conviction relief lacks mer-

it, the Superior Court must conduct a hearing in the applicant's presence. *State v. Toro*, 785 A.2d 568, 568 (R.I.2001) (mem.). If a hearing justice believes that an application for post-conviction relief can be decided without a hearing, he or she must give an applicant an opportunity to reply to a proposed dismissal of the applicant's request for post-conviction relief before doing so. *See Toole v. State*, 713 A.2d 1264, 1265–66 (R.I.1998) (per curiam) (holding that the trial justice improperly denied the applicant the opportunity to respond to the court's proposed dismissal of his post-conviction relief application). If the applicant's reply reveals that there are no genuine issues of material fact in dispute, then an evidentiary hearing need not be provided and the court can proceed to rule on the application without a hearing. *Id.* at 1266.

Finally, it appears that the motion for modification of sentence and motion to appoint counsel could not be fairly construed as an application for post-conviction relief. "[O]ur courts have often exhibited leniency and provided assistance to those litigants who have chosen to present their own cases." *Gray v. Stillman White Co.*, 522 A.2d 737, 741 (R.I.1987). It does not appear that the motions filed by O'Neil should be interpreted as a request for post-conviction relief, especially in light of the latitude afforded to *pro se* litigants in such matters. O'Neil mentions post-conviction relief in his motion to appoint counsel, but he did not seek that relief in the motion for modification of his sentence.

Nevertheless, the motion justice was clearly correct in denying the motion to modify the sentence as untimely. Under Rule 35 of the Superior Court Rules of

---

1. General Laws 1956 § 10–9.1–5 states: "An applicant who is indigent shall be entitled to be represented by the public defender. If the public defender is excused from representing the applicant because of a conflict of interest or is otherwise unable to provide representation, the court shall assign counsel to represent the applicant."

Criminal Procedure,[2] such a motion must be filed within 120 days of the conviction, whereas O'Neil waited five years to file this motion.

For these reasons, we affirm the Superior Court's denial of O'Neil's motion to modify his sentence. But we vacate the denial of post-conviction relief to O'Neil, and remand this case to the Superior Court with directions for the court to appoint counsel for him and to allow him to proceed with an application for post-conviction relief.

---

**2.** Rule 35 of the Superior Court Rules of Criminal Procedure provides, in pertinent part: "The court may correct an illegal sentence at any time. The court may correct a sentence imposed in an illegal manner and it may reduce any sentence within one hundred twenty (120) days after the sentence is imposed * * *."