# United States Court of Appeals

## For the First Circuit

No. 02-1606

LAMPHONE VORAVONGSA,

Petitioner, Appellant,

v.

A.T. WALL, DIRECTOR, ACI,

Respondent, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

[Hon. Ronald R. Lagueux, Senior U.S. District Judge]

Before

Boudin, Chief Circuit Judge,
Selya, Circuit Judge,
and Siler,* Senior Circuit Judge.

David J. Barend for appellant.

Jane M. McSoley, Assistant Attorney General, Rhode Island
Department of Attorney General, with whom Patrick Lynch, Attorney
General, was on brief for appellee.

November 12, 2003

*Of the Sixth Circuit Court of Appeals, sitting by designation.

**SILER**, <u>**Senior Circuit Judge**</u>. In this appeal, we are asked to decide one question of law: whether petitioner Lamphone Voravongsa's[1] <u>pro se</u> motion for appointment of state post-conviction counsel constitutes a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim" within the meaning of 28 U.S.C. § 2244(d)(2), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 110 Stat. 1214, thereby tolling the one-year period of limitations that would otherwise bar review of Voravongsa's federal habeas corpus petition filed pursuant to 28 U.S.C. § 2254. Although the question is one of first impression in this circuit, a straightforward reading of 28 U.S.C. § 2244(d)(2), as well as the Rhode Island post-conviction statutory scheme, and the federal and state court decisions interpreting each of the statutes, make plain that Voravongsa's federal habeas petition was untimely under AEDPA's statute of limitations. Accordingly, the district court's dismissal of Voravongsa's habeas petition is **affirmed**.

---

[1] Although the petitioner spells his name "Vor<u>a</u>vongsa," the briefs in this appeal spell his name "Vor<u>v</u>avongsa" and the Rhode Island courts spelled his name "Vor<u>g</u>vongsa." Unless referring to a state court decision, we will follow the district court's practice of using the spelling "Voravongsa," the same spelling employed in the certificate of appealability.

## I.  BACKGROUND

In 1994, Voravongsa was convicted in Rhode Island of first degree murder.  Although the trial court granted Voravongsa's motion for a new trial, the Rhode Island Supreme Court remanded the case with directions to deny the motion for a new trial, reinstate his conviction, and proceed with sentencing.  See State v. Vorgvongsa, 670 A.2d 1250, 1255 (R.I. 1996) (Vorgvongsa I).  On remand, Voravongsa was sentenced to a mandatory term of life imprisonment.  His direct appeal of that conviction was denied by the Rhode Island Supreme Court.  See State v. Vorgvongsa, 692 A.2d 1194 (R.I. 1997) (Vorgvongsa II).  He did not file a petition for certiorari with the United States Supreme Court, and, pursuant to court rules, the ninety-day period in which he had to do so expired on July 14, 1997.  Thus, on that date, his conviction became final.

For purposes of this appeal, the parties agree that on June 24, 1997, Voravongsa filed three separate motions in the Rhode Island Superior Court:  (1) motion for appointment of counsel; (2) petition for a writ of habeas corpus ad testificandum; and (3) motion to assign.[2]  On August 4, 1997, the Rhode Island Superior

---

[2] The state docket sheet in the underlying criminal case (Rhode Island Superior Court No. P1-1990-2966A) indicates that these three motions were filed on July 24, 1997.  Also, the docket sheet references a separate application for state habeas relief purportedly filed on June 24, 1997.  The certificate of appealability in this case ordered the parties to address whether a formal state post-conviction application was in fact made by Voravongsa on June 24, 1997, and, implicitly, whether the July 24, 1997, date contained in the docket sheet represents a typographical

-3-

Court appointed an attorney to represent him. The parties agree that on September 4, 1998, thirteen months after being provided with counsel, and nearly seventeen months after the Rhode Island Supreme Court affirmed his conviction, Voravongsa filed a counseled application for state post-conviction relief pursuant to Rhode Island General Laws § 10-9.1-1 et seq. The application was denied on October 20, 1999. See In the Matter of Vorgvongsa, No. 98-4502, 1999 WL 1001187, at *1 (R.I. Super. 1999) (Vorgvongsa III). On December 3, 2001, the Rhode Island Supreme Court affirmed the denial of relief. See State v. Vorgvongsa, 785 A.2d 542, 550 (R.I. 2001) (Vorgvongsa IV).

While waiting for a decision from the Rhode Island Supreme Court on his petition for state post-conviction relief, on March 24, 2000, Voravongsa filed in federal court a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and a motion for the appointment of counsel. The State then moved to dismiss the petition on the ground that it was time-barred. The magistrate judge issued a report and recommendation that the habeas petition be dismissed as barred by AEDPA's statute of limitations. In

_____

error. Rather than respond to this court's order for clarification, each party repeatedly asserts that June 24, 1997, is the only relevant date for purposes of determining whether AEDPA's time-limitations period was tolled by Voravongsa's filing of his motion for the appointment of counsel and other related motions. Accordingly, based on the parties' agreement, we analyze this appeal on the basis that the only relevant date that these documents were filed was indeed June 24, 1997, and that no formal application for state habeas relief was filed on that date.

-4-

relevant part, 28 U.S.C. § 2244(d)(1), as amended by AEDPA, which imposes a one-year period of limitations for filing a federal habeas petition, provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]

The relevant tolling provision, which is contained in 28 U.S.C. § 2244(d)(2), provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

Accepting the State's argument, the magistrate judge reasoned that: (1) AEDPA's statute of limitations began to run when the time to petition for certiorari review of Vorgvongsa II expired on July 14, 1997; (2) the statute of limitations expired one year later on July 14, 1998; (3) Voravongsa's March 24, 2000, federal habeas application was untimely filed; and (4) there was no basis to toll the limitations period under 28 U.S.C. § 2244(d)(2) because Voravongsa did not file his State motion for post-conviction relief until September 4, 1998, almost two months after AEDPA's limitations period expired.

Voravongsa's attorney did not file an objection to the magistrate judge's report, although Voravongsa himself filed a pro se objection that, inter alia, argued that his habeas petition should not be dismissed as untimely because he had diligently pursued his state post-conviction remedy by filing--before AEDPA's limitations period expired--a motion to appoint counsel to represent him in his state post-conviction proceeding, as well as other motions.  His objection implied that AEDPA's statute of limitations should be tolled onward from June 24, 1997, the date his pro se motion for appointment of counsel and other related motions were filed.  Subsequently, the district court adopted the magistrate judge's report and recommendation and granted the State's motion to dismiss Voravongsa's habeas petition.  It did not address Voravongsa's contention that his pro se motion for appointment of counsel, as well as other motions, tolled AEDPA's limitations period from the date on which those motions were filed. We granted a certificate of appealability (COA) on the issue of whether Voravongsa's "pro se motion for appointment of counsel to represent him in his state post-conviction proceeding may constitute a 'properly filed application for State post-conviction . . . review' within the meaning of  28 U.S.C. § 2244(d)(2)" (alteration in the COA).

## II.  ANALYSIS

### 1.  Nature of Voravongsa's Request for Appointment of Counsel

"We review de novo the . . . denial of [a] habeas application on procedural grounds."  Melancon v. Kaylo, 259 F.3d 401, 404 (5th Cir. 2001); see also Simpson v. Matesanz, 175 F.3d 200, 205 (1st Cir. 1999) (applying de novo review to a district court's legal conclusions in a habeas proceeding).

As a matter of federal law, the Supreme Court has recently held that a federal habeas case commences with the filing of an application for habeas relief, not with the filing of a motion for appointment of federal habeas counsel, which the Court determined was not a motion on the merits.  See Woodford v. Garceau, --- U.S. ----, 123 S.Ct. 1398, 1401-02 (2003); see also Lookingbill v. Cockrell, 293 F.3d 256, 263 (5th Cir. 2002) ("A habeas petition is pending only after a petition for a writ of habeas corpus itself is filed.  Thus, the filing of the federal habeas petition--not of a motion for appointment of counsel--tolls limitations.") (internal quotation marks, citation, and footnote omitted), cert. denied, 537 U.S. 1116 (2003).  As the Court reasoned, the "motion for counsel is not itself a petition, because it does not call for (or even permit) a decision on the merits.  And it is 'the merits' that the amended § 2254(d)(1) is all about."  Woodford, 123 S.Ct. at 1401-02 (emphasis added) (quoting Holman v. Gilmore, 126 F.3d 876, 880 (7th Cir. 1997)); see also Isaacs v. Head, 300 F.3d 1232, 1245 (11th

Cir. 2002) ("[W]e hold that the relevant date for purposes of judging AEDPA's applicability to a habeas petition is the date on which the actual § 2254 petition was filed. . . . A motion for appointment of counsel has no relation to the merits of a habeas petition and does not seek any form of merits relief from a district court.").

In this appeal, we must answer a nearly identical question, but in the context of interpreting state law. Specifically, we must determine whether as a matter of Rhode Island law, Voravongsa's pro se filing for the appointment of counsel constitutes a "properly filed application for state post-conviction or other collateral review" pursuant to 28 U.S.C. § 2254(d)(2), thereby tolling AEDPA's otherwise expired one-year statute of limitations.[3] Naturally, to answer this question, we will analyze Rhode Island law. See Carey v. Saffold, 536 U.S. 214, 223 (2002) ("[F]or purposes of applying a federal statute that interacts with state procedural rules, we look to how a state procedure functions . . . ."); Artuz v. Bennett, 531 U.S. 4, 8 (2000) ("[A]n application is 'properly filed' when its delivery and acceptance

---

[3] As indicated above, although Voravongsa filed three separate motions on June 24, 1997, we granted a COA only on the question of whether Voravongsa's motion for appointment of state post-conviction counsel may serve as a properly filed application for State post-conviction review. "AEDPA limits the scope of habeas review, so that issues not included in a COA cannot be heard on appeal." Neverson v. Bissonnette, 261 F.3d 120, 125-26 (1st Cir. 2001). Accordingly, we concentrate our analysis on the issue before us.

are in compliance with the applicable laws and rules governing filings.") (emphasis removed).  For purposes of our analysis, we must keep in mind that "there is no federal precedent for treating a motion for appointment of counsel as a properly filed application for postconviction relief."  Beery v. Ault, 312 F.3d 948, 951 (8th Cir. 2002), cert. denied, 123 S.Ct. 2590 (2003).

The Rhode Island Post Conviction Remedy Act (the Act), § 10-9.1-1 et seq., provides one general post-conviction remedy to challenge criminal convictions and sentences.  See Id. § 10-9.1-1(b) ("Except as otherwise provided, . . . [the Act] comprehends and takes the place of all other common law, statutory, or other remedies . . . available for challenging the validity of the conviction or sentence.  It shall be used exclusively in place of them."); see also Palmigiano v. Mullen, 377 A.2d 242, 248 (R.I. 1977).  Unlike federal habeas petitions, Rhode Island does not impose time limits on the filing of applications for post-conviction relief.  See R.I. Gen. Laws § 10-9.1-3 ("An application may be filed at any time.").  However, it specifies both the process by which post-conviction proceedings are to commence (i.e., the filing of an application) and the contents that must be contained in the application that commences those proceedings.  Thus, pursuant to § 10-9.1-3, "[a] proceeding is commenced by filing an application verified by the applicant with the clerk of

the appropriate court." R.I. Gen. Laws § 10-9.1-3.  Concerning

application content, § 10-9.1-4 specifies that

> The application shall identify the proceedings in which
> the applicant was convicted, give the date of the entry
> of the judgment and sentence complained of, <u>specifically
> set forth the grounds upon which the application is
> based, and clearly state the relief desired</u>.  Facts
> within the personal knowledge of the applicant shall be
> set forth separately from other allegations of facts and
> shall be verified as provided in § 10-9.1-3.  Affidavits,
> records, or other evidence supporting its allegations
> shall be attached to the application or the application
> shall recite why they are not attached.  The application
> shall identify all previous proceedings, together with
> the grounds therein asserted, taken by the applicant to
> secure relief from his or her conviction or sentence.
> Argument, citations, and discussion of authorities are
> unnecessary.

R.I. Gen. Laws § 10-9.1-4 (emphasis added).  Based on these

statutory provisions, no Rhode Island decision that we can find has

ever held that state post-conviction proceedings--the genesis of

"State post-conviction or other collateral review"--are initiated

with the filing of a motion for appointment of post-conviction

counsel.[4]  <u>Cf.</u> <u>Beery</u>, 312 F.3d at 951 (finding that under a nearly

identical state post-conviction statutory scheme, "Iowa courts have

not held postconviction proceedings begin with a motion for

---

[4] Voravongsa argues that pursuant to <u>Shatney</u> v. <u>State</u>, 755
A.2d 130 (R.I. 2000) (per curiam), "[r]eview of a judgment
accompanies every motion for appointment of counsel for post-
conviction relief filed by an indigent defendant in Rhode Island."
Voravongsa's analysis, however, says nothing with regard to whether
such a motion amounts to an "application" for post-conviction
review as required by 28 U.S.C. § 2244(d)(2), the real crux of this
appeal.

appointment of counsel"). In fact, recently the Rhode Island Supreme Court rejected such an argument; it held that the mere filing of a motion for appointment of counsel--without more--does not constitute a state post-conviction "application," the triggering mechanism for commencement of Rhode Island post-conviction collateral review. See O'Neil v. State, 814 A.2d 366, 367 (R.I. 2002).

O'Neil was a case in which the State and the petitioner assumed reverse roles to the parties' positions here. In O'Neil, a petitioner was appealing an order denying both his motion for modification of sentence and his application for post-conviction relief. Id. at 366. The petitioner argued that a motion justice prematurely denied him post-conviction relief because he (i.e., the petitioner) had not yet filed a request for such relief. Id. It was the petitioner's position that "the motion justice misconstrued his motions for appointment of counsel and for modification of sentence as a request for post-conviction relief." Id. at 367. According to the petitioner, although he had asked for the appointment of counsel to assist him in the preparation of his application, he did not request post-conviction relief itself. Id. On appeal, the State did not appear to disagree with the petitioner's contention. As the court pointed out, the State did not oppose having the case remanded so that the petitioner could proceed with an application for post-conviction relief. Id.

Finding no need to delve into--or even mention--the requirements of §§ 10-9.1-3 or 4, in a brief analysis the court held that the motions to appoint counsel and for modification of sentence "could not be fairly construed as an <u>application</u> for post-conviction relief." <u>O'Neil</u>, 814 A.2d at 367 (emphasis added). This conclusion was supported by two grounds: First, the court explained that leniency should be afforded to <u>pro se</u> litigants. <u>Id.</u> Second, it observed that although the petitioner "mentions post-conviction relief in his motion to appoint counsel . . . <u>he did not seek that relief in the motion</u> for modification of his sentence." <u>Id.</u> (emphasis added). Thus, a motion to appoint counsel may not be fairly construed as an "application" commencing post-conviction proceedings unless the motion--at the very minimum--actually "seeks" post-conviction relief. Therefore, as a matter of Rhode Island law, it appears that for a motion to appoint counsel to qualify as an "application" commencing State post-conviction collateral review, at a minimum the motion must contain a "request" for post-conviction relief. <u>See</u> R.I. Gen. Laws § 10-9.1-4 ("The application shall . . . specifically set forth the grounds upon which the application is based, and clearly state the relief desired.").

Giving the term "application" its natural meaning, a filing that purports to be an application for State post-conviction or other collateral review with respect to the pertinent judgment or

-12-

claim must set forth the grounds upon which it is based, and must state the relief desired; it must attack collaterally the relevant conviction or sentence. See Mastracchio v. Houle, 416 A.2d 116, 117 (R.I. 1980) (The Act "provides the exclusive remedy to be utilized for appropriate collateral attack upon a criminal conviction on any ground of alleged error . . . available under common-law or statutory postconviction remedies.").

Therefore, in the absence of an explicit request for post-conviction relief as specified in § 10-9.1-4, we interpret O'Neil to hold that a motion for the appointment of counsel fails to initiate post-conviction proceedings and, thus, fails to give life to an application for post-conviction review: "It does not appear that the motions filed by [the petitioner] should be interpreted as a request for post-conviction relief . . . . [The petitioner] mentions post conviction relief in his motion to appoint counsel, but he did not seek that relief in the motion for modification of his sentence." O'Neil, 814 A.2d at 367. If a motion to appoint counsel does not qualify as an application for post-conviction review under state law, then it does not satisfy 28 U.S.C. § 2244(d)(2)'s requirement of a "properly filed application for State post-conviction or other collateral review." See Beery, 312 F.3d at 951 (finding that because the petitioner's "motion for appointment of . . . state postconviction counsel does not contain the information required by [the Iowa statute] for postconviction

-13-

petitions[,]" then "the request does not constitute a 'properly filed' application for State post-conviction . . . review" under § 2244(d)(2)).

In the instant case, a review of Voravongsa's June 24, 1997, post-conviction motion for appointment of counsel makes plain that he did not collaterally attack his state conviction or sentence; he simply did not "request" post-conviction or other collateral review. In his motion, which was entitled "Petitioner's Motion for Appointment of Counsel," Voravongsa wrote, "[n]ow comes the petitioner <u>in the above entitled action, a motion to appoint counsel</u>, to represent his interests in this application for post conviction relief." (Emphasis added). Although he uses the words "in this application for post conviction relief," as was true in <u>O'Neil</u>, this is more of a fleeting reference to post-conviction relief as opposed to a request for such relief. Furthermore, Voravongsa then indicated that his motion was being made pursuant to Rhode Island General Law § 10-9.1-5, which affords indigent applicants legal representation. He went on to list three reasons why he should be provided with counsel; he did not state any grounds upon which any relief could be granted. Finally, in his prayer for relief, he only sought the appointment of counsel--not post-conviction relief itself: "For the reasons stated above, the petitioner <u>prays that this Honorable Court appoint him counsel</u> and that said counsel be available to him at all and any future

-14-

proceedings which may occur in the instant matter." (Emphasis added).

Here, no amount of analytical or linguistic massaging can transmogrify Voravongsa's passing reference to "this application for post conviction relief" from a motion for counsel into an application for post-conviction or other collateral review. This conclusion is buttressed by the fact that the civil docket sheet shows that the court did not assign a civil docket number to Voravongsa's post-conviction proceeding until September 4, 1998, when Voravongsa filed a traditional post-conviction application that presumably complied with the statutory requirements of §§ 10-9.1-3 and 4. See R.I. Gen. Laws § 10-9.1-3 ("The clerk shall docket the application upon its receipt and promptly bring it to the attention of the court and deliver a copy to the attorney general."). Thus, contrary to Voravongsa's argument, it appears that the superior court did not view or treat Voravongsa's pro se motion as a properly filed application for post-conviction review. The court certainly could not have undertaken any collateral review--and did not provide any on-the-merits rulings--on the issue of post-conviction relief. This explains why neither the superior court nor the State apparently invoked § 10-9.1-8 to dismiss Voravongsa's September 4, 1998, formal post-conviction-relief application once it was filed. See R.I. Gen. Laws § 10-9.1-8 ("All grounds for relief available to an applicant at the time he or she

-15-

commences a proceeding under this chapter must be raised in [the] original, or a supplemental or amended, application. Any ground finally adjudicated or not so raised . . . may not be the basis for a subsequent application" unless the court determines that justice dictates otherwise.). Here, there is no hint that Voravongsa's September 4, 1998, application was labeled or viewed as a supplemental or amended application or that the trial court made a finding that in the interest of justice, Voravongsa's claims should be considered notwithstanding the fact that they were not presented in his June 24, 1997, motions. Accordingly, the historical facts, too, decisively point in the direction that Voravongsa's motion for counsel was not, and should not be, treated as an application for State post-conviction or other collateral review. With no predicate State post-conviction application having been filed in a timely manner, Voravongsa is not entitled to have the time-limitations period of § 2244(d)(1) tolled by virtue of § 2244(d)(2).

## 2. **Equitable Tolling**

As a last resort, Voravongsa contends that we should exercise our discretion to equitably toll AEDPA's one-year statute of limitations. In this circuit, however, it is unclear whether equitable tolling is even available with respect to § 2244(d)(1). See Donovan v. Maine, 276 F.3d 87, 92 (1st Cir. 2002) ("Whether, as a matter of law, equitable tolling is available, even in a

factually appropriate case, in respect to section 2244(d)(1) . . . is not free from doubt.") (citation omitted). As in <u>Donovan</u>, the case at bar is not an appropriate case for us to decide this issue because even assuming hypothetically that equitable tolling is available, the facts of this case would not warrant its utilization.

Voravongsa's argument for equitable tolling is predicated on the Rhode Island Supreme Court's decision in <u>Shatney</u>, 814 A.2d at 135. However, as already discussed above, <u>Shatney</u> cannot rescue Voravongsa's untimely state post-conviction application. Accordingly, it, too, cannot serve as basis for equitable tolling. To the extent Voravongsa suggests that his <u>pro se</u> status should provide grounds for this extraordinary remedy, <u>see</u> <u>Donovan</u>, 276 F.3d at 93 (explaining that "equitable tolling, if available at all, is the exception rather than the rule; and that resort to its prophylaxis is deemed justified only in extraordinary circumstances") (internal quotation marks, brackets and citation omitted), this argument has already been rejected: "The petitioner's assertion that his <u>pro se</u> status somehow entitles him to equitable tolling is wide of the mark. While <u>pro se</u> pleadings are to be liberally construed . . . the policy of liberal construction cannot plausibly justify a party's failure to file a habeas petition on time." <u>Id.</u> at 94. Thus, we decline to invoke equitable tolling in this case, even assuming that we could.

We affirm the dismissal of the petition for a writ of habeas corpus.