**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**February 21, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

ROGER L. GILBERT,

       Petitioner-Appellant,

v.

LARRY REID, Warden Centennial
Correctional Facility; COLORADO
ATTORNEY GENERAL,

       Respondents-Appellees.

No. 06-1001
(D.C. No. 05-CV-01925-ZLW)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **O'BRIEN** and **BRORBY**, Circuit Judges, and **BROWN**,[**] District Judge.

---

Roger L. Gilbert, a Colorado prisoner proceeding pro se, seeks review of

the district court's dismissal of his application for a writ of habeas corpus under

28 U.S.C. § 2254, based on a determination that the action was barred by the

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**]    The Honorable Wesley E. Brown, Senior District Judge, District of Kansas, sitting by designation.

one-year limitation period of 28 U.S.C. § 2244(d)(1). This court granted a certificate of appealability (COA) limited to the question of whether Gilbert's motion for appointment of post-conviction counsel constitutes a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim" within the meaning of 28 U.S.C. § 2244(d)(2) and, therefore, tolls the limitation period. We review this legal issue de novo, *see Robinson v. Golder*, 443 F.3d 718, 720 (10th Cir.), *cert. denied*, 127 S. Ct. 166 (2006) and affirm.

I.

Gilbert entered a plea of guilty in Colorado state court to the offense of retaliation against a victim and, on October 22, 1999, he was sentenced to eight years in a community correction program. He did not appeal. The record does not contain copies of the relevant documents, but Gilbert alleges that at some point after sentencing he requested appointment of post-conviction counsel. We accept his statement that counsel was appointed on April 20, 2000.[1] Presumably his request predated the appointment.

---

[1] We do so because there is correspondence in the record from appointed counsel dated September 2000, January 2001, September 2001, and September 2002. R., tab 7. The attorney filed the motion for post-conviction relief on October 10, 2002, and a supplement on February 10, 2003. *Id.*, tab 3. Colorado generally grants defendants the right to appointed counsel in post-conviction proceedings "unless the asserted claim for relief is wholly unfounded." *People v. Hubbard*, 519 P.2d 945, 947-48 (Colo. 1974). The theory is that, with the assistance of counsel, a convicted defendant will be able "to assemble into a single Crim. P. 35(b) motion all of the legal arguments which might result in post-conviction relief." *Id.* at 248.

The community corrections program expelled Gilbert for non-compliance. He was therefore returned to court and re-sentenced to a term of eight years' imprisonment plus five years' mandatory parole, on June 29, 2000. Gilbert did not file a direct appeal.

On October 10, 2002, Gilbert's appointed counsel filed a motion for post-conviction relief pursuant to Colo. R. Crim. P. 35(c). The state district court denied the motion; the Colorado Court of Appeals affirmed the ruling; and the Colorado Supreme Court declined to grant certiorari review, on March 7, 2005.

Gilbert then filed a pro se application for a writ of habeas corpus relief under 28 U.S.C. § 2254 in federal district court. The magistrate judge ordered Mr. Gilbert to show cause why the application should not be denied as time barred under 28 U.S.C. § 2244(d), which provides in pertinent part,

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> . . .
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In response to the show-cause order, Gilbert argued that the limitations issue should be resolved in his favor, essentially arguing for the application of

equitable tolling. Gilbert asserted that he was unfamiliar with federal procedural requirements, he had been represented by negligent court-appointed counsel, his habeas application was filed within a year of his discovery of prosecutorial misconduct, and justice dictates that a federal court consider his arguments in spite of the limitations period set by Congress. Gilbert conceded "in all honesty, that had he been aware of certain limitations or known that such a crucial procedure, specifically a [federal] habeas relief procedure, was a possibility then there is no doubt that [he] would have insisted that counsel file his [state] post-conviction (35c) immediately, within reason, following his conviction becoming final." R., Doc. 7 at 6.

Gilbert also argued that there was legal significance in the Colorado state court's appointment of counsel at his request for "the specific purpose of litigating the petitioner's post-conviction proceedings" on April 20, 2000. *Id.* at 5.[2] Without specifically reaching Gilbert's argument regarding the implications of his request for appointment of post-conviction counsel, the district court concluded § 2244(d) barred its consideration of the merits of Mr. Gilbert's habeas application. The district court refused to allow Gilbert to proceed in forma pauperis on appeal and denied his application for a COA. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (stating that, without the issuance of a COA, federal courts of appeals lack jurisdiction to rule on habeas appeals). This court,

_____

[2] This date is, of course, over two months before the June 29 re-sentencing date, on which he alleged his sentence "bec[a]me final." *Id.* at 2.

however, granted a COA on the limited issue of whether Gilbert's "motion for counsel should toll the calculation of the time limitation for his habeas corpus petition." Order of June 19, 2006, at 5.[3] We also permitted Mr. Gilbert to proceed in forma pauperis.

## II.

It is undisputed that Gilbert's Colo. R. Crim. P. 35(c) motion was filed over two years after the expiration of the § 2244(d) limitation period. The legal question is whether, under the terms of § 2244(d)(2), his motion for appointment of post-conviction counsel may be considered a "properly filed application for State post-conviction . . . review." If so his Rule 35(c) motion was "pending" sometime prior to April 20, 2000. "[W]e look to state law to determine whether an application is 'properly filed,'" but "we apply our own definition of 'pending,' . . . "interpreted . . . as a matter of federal law," after "some inquiry into relevant state procedural laws." *Gibson v. Klinger*, 232 F.3d 799, 806 (10th Cir. 2000) (quotations omitted).

---

[3]     As to any equitable tolling of the one-year limitation period, the district court properly addressed and rejected Gilbert's allegations. "[T]his equitable remedy is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). Moreover, a pro se inmate's ignorance of the one-year limitation period is insufficient to equitably toll the limitation period. *Id.* We decline to grant COA on Gilbert's equitable tolling claim or any additional arguments.

Colorado statutory provisions and procedural rules contemplate that an application for post-conviction relief set forth one or more specified grounds for relief from judgment. *See* Colo. Rev. Stat. § 18-1-410(1); Colo. R. Crim. P. 35(c)(2). Thus a "properly filed application" in Colorado must challenge the judgment of conviction and suggest the applicant's post-conviction arguments. Circuit courts interpreting corresponding provisions of other states have reached similar conclusions. *See Isley v. Ariz. Dep't of Corr.*, 383 F.3d 1054, 1055 (9th Cir. 2004) (holding that an Arizona state prisoner's filing of a "Notice of Post-Conviction Relief" tolls the statute of limitations because the state's post-conviction process begins with, and requires, the filing of such a notice containing "a request for relief from the judgment of conviction"); *Voravongsa v. Wall*, 349 F.3d 1, 4-7 (1st Cir. 2003) (holding that the limitations period for a Rhode Island prisoner's federal habeas petition was not tolled by a request for appointment of counsel under state law because the applicable state post-conviction law requires a specific prayer for relief from judgment).

Further, as a matter of federal law, a habeas action is not "pending" when a petitioner asks the district court to appoint counsel to help prepare his petition; it becomes "pending" only after an actual request for relief from the judgment of conviction, *Woodford v. Garceau*, 538 U.S. 202, 208-10 (2003). Filing a request for counsel on the grounds that a constitutional violation may be raised in a future habeas petition demonstrates that "the filing itself did not seek any relief on the

merits." *Id*. at 210 n.1. The "nearly identical question . . . in the context of interpreting" Colorado post-conviction law, *Voravongsa*, 349 F.3d at 4, results in the same answer.

There is no indication that Gilbert's motion for the appointment of counsel (or the appointment itself) constituted a properly filed application for state post-conviction relief that was pending before the expiration of the one-year limitation period in § 2244(d)(1). Accordingly, Gilbert has failed to meet his burden to demonstrate the filing of a state post-conviction motion which would toll the one-year time limit of § 2244(d)(1). *See Burger v. Scott*, 317 F.3d 1133, 1140-41 (10th Cir. 2003). The district court correctly determined that Gilbert's petition was time-barred and not eligible for consideration on the merits. The judgment of the district court is AFFIRMED. Gilbert's motions for appointment of counsel and for assignment to mediation are DENIED.

Entered for the Court

Terrence L. O'Brien
Circuit Judge