**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 31, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MICHAEL DOYLE,

　　　　　Petitioner-Appellant,

v.

LOU ARCHULETA, and THE
ATTORNEY GENERAL OF THE
STATE OF COLORADO,

　　　　　Respondents-Appellees.

No. 10-1013
(D.C. No.1:07-CV-01358-WYD-KMT)
(D. Colo.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **HARTZ, ANDERSON**, and **TYMKOVICH**, Circuit Judges.[**]

　　　Michael Doyle pleaded guilty to second degree murder and was sentenced
to eighteen years in prison. Proceeding pro se,[1] Doyle seeks a certificate of
appealability (COA) to challenge the district court's denial of his habeas corpus

---

[*] This order is not binding precedent except under the doctrines of law of
the case, res judicata and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

[1] Because Doyle proceeds pro se, we review his pleadings and filings
liberally. See *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Brown v. Perrill*,
21 F.3d 1008, 1009 (10th Cir. 1994).

petition pursuant to 28 U.S.C. § 2254. The district court denied his application, concluding it was time-barred.

After carefully reviewing the record, we agree with the district court that Doyle's application for habeas corpus was not timely. Exercising jurisdiction under 28 U.S.C. § 2253, we therefore DENY his COA request and DISMISS his appeal.

## I. Background

In 2001 Doyle was charged with arson and first-degree murder arising from the death of a homeless man in a fire. After his arrest, he made inculpatory statements to police about the events surrounding the spread of the fire.

Represented by a public defender, Doyle pleaded guilty to an added charge of second-degree murder in exchange for the dismissal of the other charges. Prior to sentencing, Doyle filed a pro se motion to withdraw his plea pursuant to Colorado Rule of Criminal Procedure 32(d). The court appointed alternate counsel to represent Doyle on this Rule 32(d) motion, since Doyle claimed he had been threatened by his previous attorney. After a hearing, the court denied Doyle's motion to withdraw his guilty plea.

On September 30, 2002, Doyle was sentenced to 18 years' incarceration. Two different court-appointed attorneys reviewed Doyle's case for potential post-conviction relief efforts under Colorado Rules of Criminal Procedure 35(c), but both came to the same conclusion—Doyle had no meritorious post-conviction

claims.  Therefore, neither attorney filed any post-conviction motions on Doyle's behalf.  On January 22, 2005, Doyle filed a pro se post-conviction motion, which was denied on February 25, 2005, after the state court determined there were no claims warranting relief.  Doyle continued to appeal this decision through the state court system, and a final denial was issued June 8, 2007.

Doyle filed an application for a federal writ of habeas corpus on June 28, 2007.  The district court dismissed it as untimely, and Doyle now seeks a COA from this court.

## II.  Analysis

A one-year period of limitation applies to the filing of an application for a writ of habeas corpus by a state prisoner.  28 U.S.C. § 2244.  Based on the facts presented in Doyle's application, this time period began to run on November 14, 2002,[2] when his "judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  Therefore, unless a tolling provision applied, any federal habeas application filed after November 14, 2003 would be untimely.

The one-year period during which an inmate may file a federal habeas petition is tolled when "a properly filed application for State post-conviction or

---

[2] Doyle was sentenced on September 30, 2002, and did not file a direct appeal.  According to Colorado Appellate Rule 4(b), a notice of appeal must be filed within forty-five days.  Therefore the time for seeking direct review expired on November 14, 2002.

-3-

other collateral review . . . is pending." 28 U.S.C. § 2244(d)(2). But Doyle did not file a state post-conviction application until January 22, 2005, more than two years after his conviction became final, so Doyle is not entitled to any tolling based on the pro se motion he filed.

Doyle requested and received appointed counsel to represent him in a potential state post-conviction proceeding during the period between November 2002 and November 2003. However, neither a request for counsel, nor actual appointment of counsel, qualifies as a "properly filed application for State post-conviction" relief. *See Gilbert v. Reid*, 217 F. App'x 762, 765 (10th Cir. 2007) (since Colorado law requires an application for post-conviction relief to set forth specified grounds for relief, a mere request for appointment of counsel to assist in filing such an action does not constitute a properly filed application for state post-conviction relief for 28 U.S.C. § 2244(d)(2) purposes); *see also Woodford v. Garceau*, 538 U.S. 202, 206–07 (2003) (filing a request for appointment of counsel does not mean that an application for federal habeas is "pending"); *Isley v. Ariz. Dep't of Corr.*, 383 F.3d 1054, 1056 (9th Cir. 2004) (filing a state "Notice of Post-Conviction Relief" sufficient to toll pursuant to 28 U.S.C. § 2244(d)(2)); *Voravongsa v. Wall*, 349 F.3d 1 (1st Cir. 2003) (filing an application for appointed counsel in state post-conviction proceeding insufficient to toll pursuant to 28 U.S.C. § 2244(d)(2)). Since Doyle did nothing more than request counsel in this time period, he is not entitled to tolling pursuant to 28 U.S.C. § 2244(d)(2).

This statute of limitations is not jurisdictional, but we will overlook its requirements only in extraordinary circumstances. *Young v. Davis*, 554 F.3d 1254, 1258 (10th Cir. 2009) (citing *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998)). Such circumstances may include cases of actual innocence, when circumstances beyond the inmate's control prevent the timely filing of a habeas application, or when the prisoner diligently pursues judicial remedies but files a defective pleading during the statutory period. *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). "Simple excusable neglect is not sufficient." *Id.*

Doyle has not met his burden of showing extraordinary circumstances. While he does claim that he is innocent of murder, a claim based on actual innocence must identify constitutional error at trial as well as supply "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Doyle's guilty plea waives any objection he might have had to constitutional violations occurring before his plea, and he can only challenge whether the plea itself was intelligently and voluntarily made. *Tollett v. Henderson*, 411 U.S. 258, 266 (1973). The state courts considered on multiple occasions whether his guilty plea met these requirements, and concluded that it did. A federal court may not grant habeas on "any claim that was adjudicated on the merits in State court proceedings" unless the state court decision "resulted in a decision that was contrary to, or involved an

unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d)(1). Doyle has made no showing on this point. Nor has he presented any new evidence in favor of his innocence. Doyle has also failed to present any evidence of circumstances beyond his control preventing his filing of a habeas petition.

For these reasons, Doyle has failed to make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), resulting from the conclusion that his petition is time-barred. Therefore he is not entitled to a COA.

### III. Conclusion

For the foregoing reasons, Doyle's petition for a COA is DENIED, and we DISMISS his appeal. Doyle's petition to proceed in forma pauperis is DENIED. His motion for an injunction is DENIED as moot.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge