**Rudy SIFUENTES**

v.

**STATE of Rhode Island.**

No. 2010–7–M.P.

Supreme Court of Rhode Island.

May 7, 2012.

Susan B. Iannitelli, Esq., for Applicant.

Aaron L. Weisman, Department of Attorney General, for State.

Present: SUTTELL, C.J., GOLDBERG, FLAHERTY, and ROBINSON, JJ.

## OPINION

Chief Justice SUTTELL, for the Court.

The applicant, Rudy Sifuentes, by way of a writ of certiorari, seeks review of a Superior Court judgment denying his application for postconviction relief. The applicant argues that the hearing justice

erred in denying his application for post-conviction relief by accepting "the memoranda of investigating counsel in lieu of evidence." This case came before the Supreme Court for oral argument pursuant to an order directing the parties to appear and show cause why the issues raised in this case should not summarily be decided. After reviewing the record and considering the parties' written and oral submissions, we are satisfied that this case may be decided without further briefing or argument. For the reasons set forth in this opinion, we affirm the judgment of the Superior Court.

## I

### Facts and Procedural History

On April 3, 1992, a jury found applicant guilty of first-degree murder in a manner involving torture and aggravated battery, for which he subsequently was sentenced to life imprisonment without the possibility of parole. The applicant directly appealed his conviction to this Court, and his conviction was affirmed. *State v. Sifuentes*, 649 A.2d 500, 501, 503 (R.I.1994). Thereafter, we affirmed the denial of applicant's motion to reduce his sentence pursuant to Rule 35 of the Superior Court Rules of Criminal Procedure, *State v. Sifuentes*, 667 A.2d 791, 792 (R.I.1995), and we later affirmed his sentence of life imprisonment

without the possibility of parole. *State v. Sifuentes*, 996 A.2d 1130, 1139 (R.I.2010).

On June 2, 2006,[1] applicant filed a *pro se* application for postconviction relief pursuant to G.L.1956 § 10–9.1–1.[2] His application asserted the following: (1) his trial counsel provided ineffective assistance by not interviewing and calling witnesses who could have provided exculpatory testimony concerning applicant's diminished capacity; (2) the trial court erred in not inquiring, on the record, if applicant was waiving his right to testify on his own behalf; (3) the Providence Police Department's custodial interrogation of applicant violated his constitutional rights; (4) his trial counsel provided ineffective assistance by not presenting a defense of diminished capacity; and (5) the trial court erred in allowing the statements of applicant's codefendant to be given to the jury for its inspection.

Prior to the June 2006 application, a *Shatney*[3] no-merit memorandum had been submitted by applicant's then-court-appointed attorney, Mary J. Ciresi, concerning a previous postconviction-relief application that applicant made. Ms. Ciresi then was released as counsel and attorney Christopher T. Millea subsequently entered his appearance; however, he also was allowed to withdraw from the case after concurring with Ms. Ciresi's no-merit

---

1. The Superior Court case file was reconstructed by applicant's appellate counsel together with the state. Because of this reconstruction, the lower court documents do not bear date stamps; as a result, we adopt the dates notated in the lower court docket sheet for the purpose of referring to filing dates.

2. General Laws 1956 § 10–9.1–1(a), in pertinent part, provides:
   "Any person who has been convicted of, or sentenced for, a crime, a violation of law, or a violation of probationary or deferred sentence status and who claims * * * [t]hat the conviction or the sentence was in violation of the constitution of the

United States or the constitution or laws of this state * * * may institute, without paying a filing fee, a proceeding under this chapter to secure relief."

3. "In *Shatney v. State*, 755 A.2d 130 (R.I. 2000), this Court outlined a procedure whereby court-appointed counsel, after reaching the conclusion that an application for postconviction relief lacks merit, may seek to withdraw during a postconviction relief proceeding." *State v. Laurence*, 18 A.3d 512, 518 n. 5 (R.I. 2011) (quoting *Thornton v. State*, 948 A.2d 312, 313 n. 2 (R.I.2008)).

memorandum. The hearing justice then advised applicant of his right to present evidence on his own behalf.

A hearing on the June 2006 application was held on August 1, 2006, at which time the state informed the hearing justice that applicant had filed a stipulation with the court.[4] The stipulation read as follows:

"Now comes [applicant] * * * Pro–Se, in the above captioned matter and moves this honorable court, and the attorney for the State of Rhode Island to agree to a stipulation, and states the following in support,

"The [applicant] in the instant case * * * is deaf, and has limited knowledge of the law. Counsel in this matter, Christopher T[.] Millea[,] Esq[.], has represented to this honorable court that [applicant's] Post–Conviction Application has no merit, which resulted with [applicant] having no choice but to represent himself.

"The [applicant] would at this time suggest to this honorable court, and the attorney for the state to *Stipulate That;*

"1.) His memorandum in support of his post-conviction application be read into the court record by his interpret[e]r, for determination by this court.

"2.) He forgo oral argument in this matter due to his disability, and limited knowledge of the law.

"3.) He will prepare any necessary briefs that this court may order in determining this matter.

"4.) He does not object to the attorney for the state orally arguing their side of the case.

"5.) That the interests of justice, and judicial economy would be best served by this proposed stipulation."

After the hearing justice was presented with this stipulation, the following colloquy occurred:

"[The Court]: Well, I've read the stipulation and, certainly, [applicant] can agree that the [c]ourt base its decision upon the documents that he has filed along with any oral arguments that the [s]tate's attorney wishes to make. However, I would not conclude that because of his disability, he's prohibited from doing more than that. Clearly, the [c]ourt has today an interpreter here who can assist [applicant]. So, I'll not base the stipulation on [applicant's] disability because I feel that that can be accommodated.

"Other than that, I certainly would be inclined to make any decision based upon what has been submitted to the [c]ourt to date. So, if that's agreeable to you, [applicant], we can do that.

"[The Applicant]: Yes.

"[The Interpreter]: Yes."

Accordingly, the hearing justice issued a ruling based upon his review of applicant's postconviction-relief application, the state's argument in opposition thereto, as well as the no-merit memorandum submitted by Ms. Ciresi with which Mr. Millea had concurred.

In his ruling, the hearing justice outlined and considered each of the five issues raised by applicant. First, the hearing justice reviewed applicant's contention that his codefendant's statement was presented to the jury for inspection. After adopting the findings of Ms. Ciresi, he determined that the state did not attempt to introduce the codefendant's confession and that there was no indication in the trial transcript that such statements were present-

4. According to the docket sheet, this stipulation was filed with the Superior Court on June 12, 2006.

ed or provided to the jury. As a result, he found no merit in applicant's contention of error in that regard. Next, the hearing justice addressed applicant's allegation of ineffective assistance of counsel. He again adopted Ms. Ciresi's findings—namely that applicant's trial attorneys [5] had made the necessary efforts to investigate and interview potential trial witnesses and, therefore, he determined that applicant's trial attorneys were effective in their representation.

Finally, the hearing justice considered applicant's two contentions of legal error: first, that the trial justice had a duty to determine whether applicant wished to waive his right to testify and, second, that his confession was obtained in violation of his constitutional rights. The hearing justice stated that the law clearly does not impart a duty upon a trial justice "to make an inquiry of represented defendants as to whether they choose to testify or not." As a result, the hearing justice found no legal error in the trial justice's not having done so. Similarly, he discerned no merit in applicant's claim for postconviction relief concerning his confession because such confession had been suppressed by the trial justice. Accordingly, the hearing justice denied Sifuentes' application for postconviction relief.

At the end of the hearing, applicant indicated that he had "some paperwork" he wanted to submit to the court. After applicant had done so, the hearing justice indicated that applicant had filed an appeal of the hearing justice's decision contending that his postconviction-relief application had been denied without a hearing in violation of *Shatney v. State*, 755 A.2d 130 (R.I.2000). The hearing justice in turn stated: "I'll leave it to the Supreme Court

to make a decision on this, but we started this hearing by pointing out that [applicant] had exhausted all claims with regard to a hearing, had stipulated that the [c]ourt decide it based upon the documents that were presented to the [c]ourt" and further that "we went through great pains to make sure that [applicant] got the hearing that [he] wanted and it was [his] choice to go about this proceeding in the way that we did today."

Ultimately, on August 2, 2006, an order was entered denying Sifuentes' application for postconviction relief.[6] Thereafter, applicant petitioned this Court for a writ of certiorari, which we granted on January 21, 2010.

## II

### Standard of Review

■■■ "[P]ost-conviction relief is available to a defendant convicted of a crime who contends that his original conviction or sentence violated rights that the state or federal constitutions secured to him." *Gordon v. State*, 18 A.3d 467, 473 (R.I. 2011) (quoting *Young v. State*, 877 A.2d 625, 628 (R.I.2005)); *see also* § 10–9.1– 1(a)(1). "This Court will not disturb a trial justice's factual findings made on an application for post-conviction relief absent clear error or a showing that the trial justice overlooked or misconceived material evidence in arriving at those findings." *Gordon*, 18 A.3d at 473 (quoting *Bustamante v. Wall*, 866 A.2d 516, 522 (R.I. 2005)). However, we will "review *de novo* any post-conviction relief decision involving questions of fact or mixed questions of law and fact pertaining to an alleged viola-

---

5. The applicant was represented at trial by two assistant public defenders.

6. Pursuant to § 10–9.1–7 and § 10–9.1–9, this order constitutes a final judgment appealable to this Court.

54

tion of an applicant's constitutional rights." *Id.* (quoting *Bustamante,* 866 A.2d at 522).

## III

### Discussion

The applicant asserts that "[i]t could be argued * * * that the post conviction justice accepted the memoranda of investigating counsel in lieu of evidence especially regarding [a]pplicant's stated desire to testify."[7] In turn, the state counters that applicant "had agreed that the action could be determined on the materials filed * * *, thus, [he can] hardly complain on appeal that the proceeding proceeded in the manner he agreed to." In any event, the state argues, an evidentiary hearing is not necessarily required after a no-merit memorandum has been filed. Further, the state asserts "that a trial justice has no duty to admonish a represented-defendant of his constitutional right to testify;" therefore, even if there was merit to applicant's procedural claim of error, as a matter of law, applicant could not have prevailed on his postconviction-relief application.

▮ A postconviction-relief application may be dismissed summarily in accordance with § 10–9.1–6(b), which provides:

"When a court is satisfied, on the basis of the application, the answer or motion, and the record, that the applicant is not entitled to post conviction relief and no purpose would be served by any further proceedings, it may indicate to the parties its intention to dismiss the application and its reasons for so doing. The applicant shall be given

an opportunity to reply to the proposed dismissal. In light of the reply, or on default thereof, the court may order the application dismissed or grant leave to file an amended application or direct that the proceedings otherwise continue. Disposition on the pleadings and record is not proper if there exists a genuine issue of material fact."[8]

Thus, when a trial justice is satisfied "on the basis of the application, the answer or motion, and the record" before him or her that the applicant is not entitled to post-conviction relief, he or she may dismiss the case summarily without an evidentiary hearing, so long as the applicant is provided "an opportunity to reply to the proposed dismissal." *Id.; Sosa v. State,* 949 A.2d 1014, 1017 (R.I.2008). "If the applicant's reply reveals that there are no genuine issues of material fact in dispute, then an evidentiary hearing need not be provided and the court can proceed to rule on the application without a hearing." *O'Neil v. State,* 814 A.2d 366, 367 (R.I.2002) (mem.).

▮ In this case, applicant was provided with all the process that he was due. *See Sosa,* 949 A.2d at 1017 (stating that providing the defendant an opportunity to respond to the state's motion to dismiss "was all the process that [the defendant] was due"). More importantly, applicant was provided with the precise proceeding he himself had requested. In his stipulation, applicant explicitly invited the hearing justice to consider his memorandum in support of his postconviction-relief application and stated a desire to forgo oral argument

7. To support this contention of error, applicant states that he had wanted to testify at trial, but that "his counsel advised him not to testify" and that "[n]owhere in the discussion of the post conviction attorney's investigations is it noted whether two investigating attorneys who wrote *Shatney* memoranda determined if trial counsel did not permit testimony."

8. Similarly, § 10–9.1–6(c) states: "The court may grant a motion by either party for summary disposition of the application when it appears * * * that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law."

"due to his disability and limited knowledge of the law." The hearing justice thoughtfully considered this request, specifically noting that an interpreter was present in court to assist applicant should he wish to make an oral argument. The hearing justice then expressly stated that he was inclined to make a decision based upon the submissions he had received to date, and he asked applicant whether that was agreeable to him, to which applicant, as well as his interpreter, responded "[y]es." Thus, the hearing justice properly notified applicant of his willingness and inclination to issue a summary decision on applicant's postconviction-relief application and gave applicant an adequate opportunity to reply. *Cf. State v. Frazar*, 776 A.2d 1062, 1064 (R.I.2001) (mem.) (holding that it was reversible error for a hearing justice to fail to notify a defendant of the proposed dismissal of his postconviction-relief application without a hearing). At that time, if applicant wished instead to proceed with an evidentiary hearing, it was incumbent upon him to make such a request. Rather, applicant's reply amounted to a reiteration of his prior asserted desire to forgo oral argument and proceed on the papers duly submitted.

■ It was entirely within the hearing justice's discretion to grant the applicant's wish and then to proceed by summarily dismissing Sifuentes' application for postconviction relief.[9] *See Brown v. State*, 32

A.3d 901, 909 (R.I.2011) ("If the applicant's reply reveals that there are no genuine issues of material fact in dispute, then an evidentiary hearing need not be provided and the court can proceed to rule on the application without a hearing." (quoting *O'Neil*, 814 A.2d at 367)). Accordingly, under the circumstances presented herein, we conclude that the hearing justice adequately followed the procedures set forth in Rhode Island's Postconviction Remedy Statute, chapter 9.1 of title 10, and properly denied the applicant's postconviction-relief application.

## IV

### Conclusion

In accordance with the foregoing, we affirm the judgment of the Superior Court denying Sifuentes' application for postconviction relief. The record shall be remanded to the Superior Court.

Justice INDEGLIA did not participate.

---

9. To the extent that applicant's argument before this Court can be interpreted as challenging the merits of the hearing justice's denial of his postconviction-relief application—*viz.*, that his trial counsels provided ineffective assistance in failing to allow applicant to testify and that the trial justice erred in not "establish[ing] [applicant's] waiver of his right to testify" on the record—such challenge is also unavailing. This Court is satisfied that even if applicant had met his burden of proving that his counsels acted deficiently in advising him not to testify, applicant would have been unable to establish the requisite showing of prejudice because there was overwhelming evidence at applicant's trial establishing his guilt beyond a reasonable doubt. *See Brown v. State*, 964 A.2d 516, 541 (R.I.2009). Similarly, as concerns any error alleged on the part of the trial justice, this Court previously has held that a trial justice is under no duty to *sua sponte* ensure that a represented defendant is knowingly, voluntarily, and intelligently waiving his right to testify. *Brennan v. Vose*, 764 A.2d 168, 171, 172 (R.I.2001).