Bradford K. ISLEY, Petitioner–
Appellant,

v.

ARIZONA DEPARTMENT OF COR-
RECTIONS; Terry L. Stewart; Jeff
Hood; Arizona Attorney General, Re-
spondents–Appellees.

No. 03–15858.

United States Court of Appeals,
Ninth Circuit.

Submitted June 15, 2004.*

Filed Sept. 15, 2004.

Bradford K. Isley, Pro Se, Florence, AR, petitioner-appellant.

Kerri L. Chamberlin, Assistant Attorney General, Phoenix, AR, for the respondents-appellees.

Before: SCHROEDER, Chief Judge, CANBY, JR., and TALLMAN, Circuit Judges.

SCHROEDER, Chief Judge:

Arizona state prisoner Bradford K. Isley appeals the district court's dismissal as untimely of his 28 U.S.C. § 2244 petition for writ of habeas corpus. Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), state prisoners must file any petition for federal post-conviction relief within one year of the date that the state court judgment against them became final. 28 U.S.C.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

§ 2244(d)(1)(A). The AEDPA one year limitation period is tolled so long as "a properly filed application for State post-conviction or other collateral review" is "pending." 28 U.S.C. § 2244(d)(2).

Isley's actual petition was not filed for more than a year after his conviction became final, but there is a dispute about how long his application for state court relief was "pending." In Arizona, before filing a petition for relief, a petitioner must first file a "Notice of Post–Conviction Relief" so that the state guaranteed right to counsel can be enforced. *See* Ariz. R.Crim. P. 32.4(a). This appeal requires us to decide whether tolling began when Isley filed his "Notice of Post–Conviction Relief" under Arizona Rule 32.4(a) or when he filed his actual petition for state post-conviction relief. We hold that tolling began when Isley filed the required "Notice."

The facts are not complex. Isley entered a no contest plea and was sentenced August 19, 1998. His conviction was then final because the plea waived any right to appeal under Arizona law. Seventy-seven days later, on November 4, 1998, Isley filed his "Notice of Post–Conviction Relief" pursuant to Arizona Rule of Criminal Procedure 32.4. On June 18, 1999, 226 days after he filed the Notice, Isley filed his actual petition for post-conviction relief. It is this 226–day period that is in dispute. The statute of limitations was indisputably tolled between the time he filed the actual petition and January 11, 2001, when the Arizona Supreme Court denied his petition on the merits and the statute began to run again.

■ Isley moved to federal court and filed a request for appointment of counsel in August 2001. Under federal law, the filing of such a request does not toll the statute of limitations, because such a request is not a petition for relief from a judgment of conviction. *Woodford v. Garceau,* 538 U.S. 202, 210, 123 S.Ct. 1398, 155

L.Ed.2d 363 (2003). Isley did not file his actual petition for federal habeas relief until October 22, 2001, 284 days after the Arizona Supreme Court denied relief.

The AEDPA statute of limitations was undeniably running for the 77–day period after his conviction became final and before Isley filed his "Notice of Post Conviction Relief" in state court, and for the 284–day period after the Arizona Supreme Court denied his petition and before he filed his federal petition. This is a total of 361 days. The limitations period was clearly not running while his actual state court petition for relief was before the Arizona Supreme Court.

■ The issue is thus whether tolling was triggered earlier, when he filed the required "Notice of Post–Conviction Relief." We must decide whether the state petition for relief was "pending" before the state courts within the meaning of § 2244(d)(2) when the Notice was filed or when the actual petition for relief was filed.

To answer this question, we look first to the reason for the Notice. Arizona guarantees a right to counsel for all first-time petitioners and provides for the appointment of counsel where the petitioner is indigent. *See* Ariz. R.Crim. P. 32.4(c). Therefore, Arizona's rules require all petitioners to file a "Notice of Post–Conviction Relief" to alert the Superior Court that it might need to appoint counsel. That Notice must contain a request for relief from the judgment of conviction. *See* Ariz. R.Crim. P. Form 24(c). Accordingly, in Arizona, the filing of the Notice is a critical stage of the post-conviction relief proceeding. The post-conviction process cannot go forward until the Notice is filed and the guarantee of counsel fulfilled.

The language and structure of the Arizona post-conviction rules demonstrate that the proceedings begin with the filing

of the Notice. Arizona Rule 32.4(a) provides that a state post-conviction "proceeding is commenced by timely filing a notice of post-conviction relief with the court in which the conviction occurred." Ariz. R.Crim. P. 32.4(a). For defendants like Isley who plead no contest, Rule 32 notices must be filed within 90 days of sentencing. *Id.*

With the filing of the Notice, Arizona's mechanism for post-conviction relief is set in motion. It is only after filing of the Notice that indigent defendants are entitled to have counsel appointed and that the time limitation for filing of the formal petition begins to run. Ariz. R.Crim. P. 32.4(c). The unambiguous language of Rule 32.4(a) compels our conclusion that, because Isley's Notice was filed in conformity with the pertinent statutory provisions and contained a specific prayer for relief in the form of a request for a new trial, it is sufficient to toll the AEDPA statute of limitations.

The State argues that the Supreme Court's decision in *Garceau,* supports the district court's conclusion. In *Garceau,* the Court held that a habeas petitioner's action was not "pending" when he petitioned the district court to exercise its discretion to appoint him counsel to help prepare the petition. 538 U.S. at 208–10, 123 S.Ct. 1398. The Court held that a habeas proceeding is "pending" only after the petitioner has placed before the court an actual request for relief from the judgment of conviction. *Id.*

Our decision here, however, is consistent with *Garceau* and in accord with the decisions of other circuits applying it. The First Circuit, in *Voravongsa v. Wall,* 349 F.3d 1, 4 (1st Cir.2003), held that a Rhode Island prisoner's state habeas petition was not "pending" within the meaning of 28 U.S.C. § 2244(d)(2) when he filed a request for appointment of counsel. Rhode Island provides that an action for post-

conviction relief "is commenced by filing an application ... with the clerk of the appropriate court." R.I. Gen. Laws. § 10–9.1–3 (2003). The First Circuit held that because the state statute provided that a post-conviction action was commenced with the filing of the application, it was only that filing, containing a specific prayer for relief from judgment, that tolled the AEDPA statute of limitations. *Voravongsa,* 349 F.3d at 6–7.

Holdings of the Seventh Circuit also lend support to our conclusion that Isley's state post-conviction proceeding was "pending" upon his filing of the Rule 32.4 Notice. In *Ellzey v. United States,* 324 F.3d 521 (7th Cir.2003), that court held that a post-conviction petition is "pending" when any document asking for post-conviction relief from a federal sentence under 28 U.S.C. § 2255 is filed with the district court. *Id.* at 523–24 (citing *United States v. Evans,* 224 F.3d 670 (7th Cir.2000)). In *Ellzey,* the Seventh Circuit specifically distinguished its holding from that of the Supreme Court in *Garceau. Ellzey,* 324 F.3d at 523–24. The Seventh Circuit explained the distinction by noting that whereas in *Garceau* the prisoner asked only for help in preparing a petition for relief, the petitioners in *Ellzey,* and the cases upon which its holding rested, had actually requested relief from the judgment of conviction.

We follow the logic of our sister circuits. Because he properly followed Arizona procedures for commencement of a post-conviction proceeding and placed a request for relief before the appropriate state court by filing the required Notice, we hold that Isley's state petition was "pending" within the meaning of 28 U.S.C. § 2244(d)(2) and he was entitled to tolling from the date when the Notice was filed. The district court erred in dismissing his petition as untimely.

REVERSED AND REMANDED.

TALLMAN, Circuit Judge, dissenting:

By holding that Isley's state petition was "pending" when he filed his Notice, the court eschews the Supreme Court's holding in *Woodford v. Garceau*, 538 U.S. 202, 123 S.Ct. 1398, 155 L.Ed.2d 363 (2003), that a motion for the appointment of counsel does not commence a federal habeas case for purposes of the rule announced in *Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). *Garceau*, 538 U.S. at 206–07, 123 S.Ct. 1398. The Supreme Court focused on the fact that the AEDPA places a heavy emphasis on "the *merits* of a habeas application," *id.* at 206, 123 S.Ct. 1398 (emphasis added), and that a motion for appointment of counsel cannot qualify as an application because it does not permit a decision on the merits. *Id.* at 207, 123 S.Ct. 1398. We were instructed by the *Garceau* Court that an application or petition for habeas relief must be the equivalent of a civil complaint. *Id.* at 208, 123 S.Ct. 1398; *see also* Fed. R.Civ.P. 3.

The AEDPA's one-year limitation period may be tolled for "[t]he time during which a *properly filed application* for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending[.]" 28 U.S.C. § 2244(d)(2) (emphasis added). Given the *Garceau* Court's explanation of what constitutes an "application," I cannot see how Isley's Rule 32.1 Notice under Arizona law qualifies. Although a Rule 32.1 Notice may sometimes contain a bare request for relief, it does not raise any claims, contain any argument or citation to authority, or permit a decision on the merits. It is not the equivalent of a civil complaint. Rather, its function is to alert the state court to the possible need to appoint counsel. It thus serves the same purpose as a motion for appointment of counsel—the very type of pleading that the *Garceau* court said was not an "application."

The court erroneously states that a Rule 32.1 Notice "must contain a request for relief from the judgment of conviction." Maj. Op. at 13417. The Notice that Isley filed contains one section (question 7) that must be completed only "if the defendant requests counsel and has filed a previous Rule 32 petition[.]" For defendants who fit that description, three questions must be answered: (A) is a claim of ineffective assistance of counsel being raised in the petition? (B) is this the first such claim being raised? and (C) if not, what action does the defendant request the court to take and why should the court take that action?

Isley hand-wrote "Defendand request a new trial" [sic] under section 7(C) of his Notice. Because this was his first Rule 32 petition, there was no need for him to write anything at all in section 7. Nowhere did the form require Isley to make a request for relief; it only asked for his contact information, criminal case history on direct and collateral review, contact information for prior counsel, and whether he was requesting appointment of counsel for his Rule 32 proceeding.

The Rule 32.1 Notice form appears to have changed slightly since Isley filed his request back in 1998. *See* Ariz. R.Crim. P. Form 24(c) (2004) at ¶ 7(C). Currently, paragraph 7(C) asks defendants to "state the facts that support [certain types of untimely or successive claims] and the reasons for not raising the claim in the previous petition or in a timely manner." *Id.* It also states "I am requesting post-conviction relief. I understand that I must include in my petition every ground for relief which is known and which has not been raised and decided previously." *Id.* Whether this new Notice form constitutes a "properly filed application" under 28 U.S.C. § 2244(d) is not before us, but, in light of *Garceau's* clear holding, the specific Notice Isley filed here does not.

I recognize that, under Arizona law, a post-conviction proceeding is commenced when this Notice is filed, and that, unlike in the federal system, indigent Arizona prisoners are entitled to counsel for their first petitions. *See* Ariz. R.Crim. P. 32.4(a). But we must focus on the language of the federal statute in question. 28 U.S.C. § 2244(d)(2) does not require us to decide when a post-conviction proceeding "commences" in Arizona, but instead whether a Rule 32.1 Notice is a "properly filed application" that triggers the tolling of the AEDPA's one-year statute of limitation. *Garceau's* reasoning is compelling: Isley's Notice was not an "application" for state collateral relief; it was the equivalent of a motion for appointment of counsel. Because Isley did not have a state petition for post-conviction relief pending until June 18, 1999, the district court properly dismissed his federal petition as untimely.

I respectfully dissent.