La Merle Ronnie JOHNSON,
Petitioner—Appellant,

v.

Mike KNOWLES, Respondent—
Appellee.

No. 03–17030.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 13, 2004.

Decided Nov. 2, 2004.

La Merle Ronnie Johnson, Ione, CA, pro se.

Seth K. Schalit, Esq., San Francisco, CA, for Respondent–Appellee.

Before: BEEZER, W. FLETCHER and FISHER, Circuit Judges.

## MEMORANDUM *

La Merle Ronnie Johnson appeals a district court order dismissing his habeas petition as untimely. Johnson does not dispute that he failed to file his federal habeas petition within the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *See* 28 U.S.C. § 2244(d)(1)(A). Rather, he contends that the deadline should have been equitably or statutorily tolled.

Equitable tolling is appropriate when "external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim." *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir.1999). Johnson argues that three factors prevented him from filing a timely claim in the state courts: the inadequacy of the CSP–SATF C–Yard prison legal library, the county prosecutor's refusal to turn over documents, and his trial counsel's refusal to turn over files. The district court denied equitable tolling on all three grounds. We affirm.

■ The district court found that the legal materials in the CSP–SATF C–Yard were not so inadequate as to prevent Johnson from filing a state habeas application. We affirm that finding. We also affirm the district court's finding that the San Mateo County District Attorney's refusal to turn over documents did not prevent Johnson from filing a timely petition. Even were we to agree with Johnson that a state habeas petitioner should not be forced to file "a weak petition as soon as he can, effectively forfeiting any chance of success," we see no such dilemma here. Johnson knew the factual basis of his claims when he filed his state habeas applications. Although he may have needed the documents to supplement his claims, the prosecutor's refusal to provide them did not prevent him from formulating his claims and petitioning the court. Finally, we affirm the district court's finding that Johnson's inability to obtain his trial court file before April 28, 1998 did not prevent him from filing a state application by the February 17, 1999 deadline.

■ Johnson also argues that a motion that he filed with the San Mateo County Superior Court tolls the deadline under 28 U.S.C. § 2244(d)(2), which provides that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward [the one-year] limitation." The district court accepted Johnson's description of this motion as "asking the court to order the District Attorney's Office to turn over documents which were necessary to develop Petitioner's claim of prosecutorial misconduct and ineffective assistance of counsel," and denied tolling because the motion did not constitute a "collateral attack" on the judgment. *Johnson v. Knowles*, No. C02–5309, at 3 (N.D.Cal. July 23, 2003). The validity of this conclusion turns on the actual wording and content of the motion. As a pro se petitioner, Johnson may have set forth enough specificity about the nature of his

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

prosecutorial misconduct and ineffective assistance of counsel claims to warrant construing the motion in substance as asserting habeas claims. *Cf. Hughes v. Rowe*, 449 U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed.2d 163 (1990) (stating that pro se pleadings are liberally construed). Without the actual motion in the record, however, we cannot determine whether it was specific enough to qualify as an attack on the judgment and thus as an "application" for review for purposes of statutory tolling under § 2244(d)(2). Johnson reports that his copy of the motion was taken from his prison cell; the state indicated at oral argument that it believed it could obtain the motion. We therefore remand to the district court so that the state can take the steps necessary to obtain Johnson's motion for the district court's consideration.

If the district court after reviewing the actual content of the motion finds that it is properly construed as a collateral attack on the judgment, the court must also determine the duration of tolling—the time during which any of Johnson's applications for collateral review were pending, 28 U.S.C. § 2244(d)(2), and, if appropriate, any of the intervals between those applications. *See Carey v. Saffold*, 536 U.S. 214, 122 S.Ct. 2134, 153 L.Ed.2d 260 (2002) (holding that a state petition for collateral review is pending during the interval between a lower court's determination and the filing of a subsequent petition in state court); *Gaston v. Palmer*, 387 F.3d 1004 (9th Cir.2004) (applying statutory tolling under AEDPA to a federal habeas applicant seeking interval tolling for habeas applications filed in California state courts); *Welch v. Carey*, 350 F.3d 1079 (9th Cir.2003) (holding that interval tolling was not appropriate where petitioner's second California habeas petition brought claims different from his first). We therefore also remand to the district court to determine, if relevant, the duration for which the applications were pending and whether any of the applications qualified for interval tolling.

We AFFIRM as to the issues of equitable tolling but REVERSE on the issue of statutory tolling and REMAND to the district court for further proceedings.

BEEZER, Circuit Judge, concurring in part and dissenting in part.

I agree with the opinion of the court that equitable tolling is not warranted. But I cannot join the decision to reverse the district court on statutory tolling grounds. Johnson failed to demonstrate before the district court that he qualified for statutory tolling. He should not have another opportunity to do so here.

**I**

Johnson is currently serving a life plus eleven-year sentence in California state prison after a jury convicted him of kidnap for ransom, assault with a deadly weapon, robbery, and use of a firearm. Johnson unsuccessfully appealed his conviction through the California state system. The California Supreme Court denied direct review of Johnson's case on November 19, 1997.

Johnson asserts that he then filed his first "application for post-conviction relief" in San Mateo Superior Court between May and July, 1998. This petition, which he refers to as a "motion/writ," is not included in the record.[1] Johnson alleges that this petition requested the state court to order the district attorney to release documents Johnson believed were necessary to devel-

---

1. Johnson asserts that prison officials confiscated and subsequently lost the records of this filing.

op his constitutional claims. Specifically, Johnson asserts that he informed the state court that these documents were necessary to show that the state violated his due process rights by reneging on his plea agreement. Johnson subsequently filed other requests for relief as well, including a state habeas corpus petition on July 30, 1999. The California courts rejected this habeas petition, though the record does not indicate the date of denial. Johnson filed a federal habeas petition on November 5, 2002.[2]

After briefing by the parties, the district court found that Johnson's federal habeas petition was untimely. The court found that AEDPA's one-year limitations period began to run on February 17, 1998, ninety days after the California Supreme Court denied review of Johnson's direct appeal. After determining that the state had not impeded Johnson's ability to file a petition and that Johnson did not qualify for equitable or statutory tolling, the district court dismissed Johnson's petition.

## II

Johnson's statutory tolling argument is problematic for two reasons. First, Johnson failed to meet his evidentiary burden at the district court. Second, by Johnson's own description, the 1998 petition he allegedly filed amounted to no more than the equivalent of a motion to compel disclosure of documents.

### A

The district court properly dismissed Johnson's petition because Johnson failed to present sufficient evidence to prove that he was eligible for statutory tolling. Johnson relies on the "motion/writ" allegedly filed sometime in 1998 to support his claim for statutory tolling. But the only infor-

mation Johnson supplied the district court about this alleged petition is that it (1) was filed between May and July 1998, (2) asked the state court to order the district attorney to turn over documents that Johnson asserted he purchased through a state freedom of information request, and (3) informed the state court that the district attorney's actions were preventing him from developing his post-conviction claims.

From this description, we do not know what exactly was in the motion. We do not know what specific information Johnson wanted or why. We do not even know when this alleged motion was filed or when it was denied. In short, we have only the bare statement by the petitioner that he filed a request sometime in 1998 for court intervention into a refusal to turn over some documentation.

Faced with this sparse record, the opinion of the court orders this case remanded for a factual inquiry. I fail to see how this is the proper response. Once a state raises a timeliness issue by demonstrating that a petition was filed outside of the one-year limitations period, the burden is on the petitioner to prove to the district court any basis for tolling. *Smith v. Duncan,* 297 F.3d 809, 814 (9th Cir.2002). Johnson failed to do so. Informing the court that a petitioner filed the equivalent of a discovery request does not meet such a burden.

The opinion of the court shifts the burden to the state to "take the steps necessary to obtain Johnson's [1998] motion for the district court's consideration." *Supra* at ——. Although a remand for a factual finding may be appropriate if the state does not put the petitioner on notice of a potential statute of limitations bar, *see Smith,* 297 F.3d at 815, here the state did argue that there was a timeliness issue.

---

2. The district court read Johnson's habeas petition as raising three claims: (1) violation of due process for withdrawing the plea agreement, (2) ineffectiveness of counsel, and (3) attorney conflict of interest.

Johnson had an opportunity to respond but failed to provide any documentation to support his claim. Even though the state may be in a better position to provide the court with such documentation, *see Griffin v. Rogers,* 308 F.3d 647, 654–55 (6th Cir. 2002), the opinion of the court cites no authority for the proposition that a petitioner satisfies his burden by merely alleging that he filed some motion with a court in 1998. I know of no statute or court rule that directs federal appellate courts to obtain documents from state courts for habeas petitioners who have failed to meet their burden.

**B**

Johnson would not be eligible for statutory tolling even if he had met his evidentiary burden. Even assuming Johnson's 1998 "motion/writ" contained the information Johnson claims it contained, it would not qualify as an attack on the "pertinent judgment" or "claim" required for habeas tolling.

The AEDPA allows for statutory tolling of the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see Tillema v. Long,* 253 F.3d 494, 500 n. 8 (9th Cir.2001) (defining the "pertinent judgment" as "the judgment of conviction and sentence in the state court that is being contested in the federal habeas proceeding"). The opinion of the court posits that Johnson may have qualified for statutory tolling beginning with the filing of his "motion/writ" in 1998. The opinion of the court states that Johnson may have included enough information about the nature of the conduct at issue to warrant considering it to be in substance a habeas claim. The record does not support the court's conclusion.

Johnson asserts that the 1998 filing involved the pertinent claim because its pur-pose was to compel disclosure of documents that would support a claim that the state deprived him of his constitutional rights. But such a filing does not qualify as a properly filed application challenging the "pertinent judgment" or "claim." Our recent decision in *Isley v. Arizona Department of Corrections,* 383 F.3d 1054 (9th Cir.2004), is instructive. *Isley* holds that an Arizona state prisoner's filing of a "Notice of Post–Conviction Relief" tolls the AEDPA statute of limitations. We observed that Arizona's post-conviction relief process began with, and required, the filing of such a notice. *Id.* at 1055–56. Arizona's procedural rules require "[t]hat notice must contain a request *for relief from the judgment of conviction." Id.* at 1055 (emphasis added). We determined that these requirements adequately distinguished the case from *Woodford v. Garceau,* 538 U.S. 202, 207–10, 123 S.Ct. 1398, 155 L.Ed.2d 363 (2003), in which the Supreme Court held that a request for appointment of counsel did not create a "pending" habeas case on the merits.

The same principles indicate that Johnson is not eligible for tolling. Johnson's petition, as he described it to the district court, was a request for the district attorney to turn over documents that he had purchased through the state freedom of information act. Granting such a request would have no discernable effect on the "pertinent judgment" or "claim" at issue in his case. Like the prisoner in *Garceau,* Johnson was requesting the state court's assistance in developing a potential future habeas attack. *See Garceau,* 538 U.S. at 210 n. 1, 123 S.Ct. 1398 (concluding that filing a request for counsel on the grounds that a constitutional violation may be raised in a future habeas petition demonstrates that "the filing itself did not seek any relief on the merits.... Rather, the document simply alerted the District Court as to some of the possible claims

that might be raised by respondent in the future."); *see also Hodge v. Greiner*, 269 F.3d 104, 107 (2d Cir.2001) ("If a prisoner believes he is entitled to discovery in aid of a state or federal collateral attack, his remedy is to seek such relief from the court where a properly filed and timely collateral attack on his conviction is pending.").

I would affirm the district court's judgment dismissing Johnson's habeas petition as untimely.