**Scott M. ABE, Petitioner–Appellant,**

v.

**Mike MAHONEY, Warden, Respondent–Appellee.**

No. 03–35625.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 9, 2004.

Scott M. Abe, Shelby, MT, Petitioner Pro Se.

Carol E. Schmidt, Esq., Helena, MT, for Respondent.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Before: GOODWIN, WALLACE and TROTT, Circuit Judges.

MEMORANDUM **

Montana state prisoner Scott M. Abe appeals the district court's judgment dismissing his 28 U.S.C. § 2254 petition as time-barred. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

Abe contends that he is entitled to statutory tolling while his state habeas petitions were under review because he had one day remaining on his Antiterrorism and Effective Death Penalty Act ("AEDPA") limitations period when he filed his first state petition. We disagree. Abe's conviction became final on November 23, 1998. His one-year statute of limitations began to run the next day. *See Patterson v. Stewart,* 251 F.3d 1243, 1245–46 (9th Cir.2001) (explaining that time limits under AEDPA are calculated in accordance with the provisions of Fed.R.Civ.P. 6(a)). Accordingly, Abe's AEDPA statute of limitations expired on November 23, 1999. *See id.* at 1246. While there is some confusion as to the date on which Abe's first state petition was filed, it was not before November 24, 1999. Because this date is after Abe's AEDPA statute of limitations expired, Abe is not entitled to tolling for the time his state petition was under review, *see Jiminez v. Rice,* 276 F.3d 478, 482 (9th Cir.2001), and his petition is untimely.[1]

Abe also contends that he is entitled to equitable tolling, but has not alleged extraordinary circumstances beyond his control that prevented him from filing a timely petition. *See Frye v. Hickman,* 273 F.3d 1144, 1146 (9th Cir.2001), *cert. denied,* 535 U.S. 1055, 122 S.Ct. 1913, 152 L.Ed.2d 823 (2002). Therefore, equitable tolling is not warranted. *See id.*

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. By letter dated September 16, 2004, Abe asks this court to consider *Isley v. Arizona Dep't. of Corrections,* 383 F.3d 1054 (9th Cir.

2004). *Isley* does not affect the outcome of this case.

