**Bradley TINDEL, Petitioner–Appellant,**

v.

**L. CHRONES, Warden, Respondent– Appellee.**

No. 05–55989.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 15, 2006.*

Filed Nov. 22, 2006.

Bradley Tindel, Delano, CA, pro se.

Tim Brosnan, Esq., Law Offices, Oakland, CA, for Petitioner–Appellant.

Russell A. Lehman, Esq., AGCA–Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellee.

Before: B. FLETCHER, FERNANDEZ, and GRABER, Circuit Judges.

MEMORANDUM **

Petitioner Bradley Tindel appeals the district court's dismissal of his habeas petition with prejudice on timeliness grounds. We review the district court's dismissal of a habeas petition on statute of limitations grounds de novo. *See Malcom v. Payne*, 281 F.3d 951, 955–56 (9th Cir.2002). We affirm.

The question presented is whether the motion Tindel filed in the Los Angeles County Superior Court seeking production of transcripts and police reports tolled the statute of limitations pursuant to 28 U.S.C. § 2244(d)(2). We hold that it did not.[1]

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. Tindel raises an uncertified question concerning equitable tolling. We do not reach it.

Tindel filed his federal habeas petition on November 4, 2004, outside the one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). Unless tolling applies, his petition is untimely. Tindel is not entitled to statutory tolling under 28 U.S.C. § 2244(d)(2) because his motion for production of transcripts was not a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim" within the meaning of 28 U.S.C. § 2244(d)(2). Tindel's motion did not challenge the "pertinent judgment or claim"—that is, seek review of his conviction or sentence. *See Smith v. Duncan,* 297 F.3d 809, 813 (9th Cir.2002). Further, in contrast to the petitioner's notice for relief in *Isley v. Arizona Department of Corrections,* 383 F.3d 1054, 1056 (9th Cir.2004), Tindel's motion was not required by a state procedural rule and did not contain a specific prayer for relief. Instead, Tindel requested transcription of prior proceedings and copies of police reports. He did not request relief from his conviction or sentence, but only informed the court of his intent to file a request for such relief.

Since Tindel's motion, filed in April 2003, is not a properly filed application for state post-conviction or other collateral review of the pertinent judgment or claim, he is not entitled to tolling. The limitations period expired on July 22, 2003, and he did not file his first "properly filed application" in state court until August 24, 2003. *See Jiminez v. Rice,* 276 F.3d 478, 482 (9th Cir.2001) (holding that application for state post-conviction relief did not toll statute of limitations when filed after limitations period had expired).

* This panel unanimously finds this case suitable for decision without oral argument. *See*

For these reasons, the district court judgment is

AFFIRMED.

