**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

MARILYN GENE SUMMERS,
         *Petitioner-Appellant,*

v.

DORA B. SCHRIRO, Director,
Warden; TERRY GODDARD,
Attorney General of the State of
Arizona,

         *Respondents-Appellees.*

No. 05-16650

D.C. No.
CV-03-00620-CKJ

OPINION

Appeal from the United States District Court
for the District of Arizona
William D. Browning, Senior District Judge, Presiding

Argued and Submitted
September 15, 2006—San Francisco, California

Filed March 13, 2007

Before: William A. Fletcher and Johnnie B. Rawlinson,
Circuit Judges, and James V. Selna,* District Judge.

Opinion by Judge William A. Fletcher

---

*The Honorable James V. Selna, United States District Judge for the
Central District of California, sitting by designation.

**COUNSEL**

Daniel F. Davis, Tucson, Arizona, for the petitioner-appellant.

Sherri Tolar Rollison, Office of the Arizona Attorney General, Tucson, Arizona, for the respondents-appellees.

**OPINION**

W. FLETCHER, Circuit Judge:

In this petition for federal habeas corpus brought under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), we hold that an "of-right proceeding," available under Arizona Rule of Criminal Procedure 32 to criminal defendants who plead guilty, is a form of "direct review" within the meaning of 28 U.S.C. § 2244(d)(1)(A). Because a Rule 32 of-right proceeding is a form of direct review, AEDPA's one-year statute of limitations does not begin to run until the conclusion of the Rule 32 of-right proceeding and review of that proceeding, or until the expiration of the time

for seeking such proceeding or review. We reverse and remand to the district court for further proceedings.

## I. Background

Petitioner-Appellant Marilyn Summers pled guilty in Arizona Superior Court on November 12, 1997, to two counts of perjury, two counts of theft, and one count of fraudulent scheme and artifice. On December 15, 1997, she was sentenced to twenty years in prison and seven years of probation, and was ordered to pay more than $1.5 million in restitution. By pleading guilty, Summers waived her right to a conventional direct appeal under Arizona law, but she retained the right to seek review in an "of-right proceeding" under Arizona Rule of Criminal Procedure 32. *See* Ariz. R. Crim. P. 32.1, 32.4. As we explain below, a Rule 32 of-right proceeding shares a number of attributes with a conventional direct appeal. The primary difference is that a Rule 32 of-right proceeding begins in the Arizona Superior Court where the defendant was convicted and sentenced rather than in the Arizona Court of Appeals.

Summers timely sought review in a Rule 32 of-right proceeding. On March 7, 2001, the Superior Court for Pima County dismissed her petition. Summers then petitioned the Arizona Court of Appeals for discretionary review. The Court of Appeals granted review but denied relief on April 16, 2002. On October 31, 2002, the Arizona Supreme Court summarily denied discretionary review.

On December 12, 2003, Summers petitioned for federal habeas relief in federal district court under 28 U.S.C. § 2254. The State of Arizona argued that her petition was time-barred by 28 U.S.C. § 2244(d)(1)(A), which gives a state prisoner one year from the "conclusion of direct review or the expiration of the time for seeking such review" to seek federal habeas relief. The district court dismissed Summers' petition as untimely, holding that because she had pled guilty and

waived the conventional form of direct appeal under Arizona law, the one-year clock began to run on December 15, 1997, the date of her sentence and judgment. After applying AEDPA's tolling provision to the period during which Summers' Rule 32 of-right proceeding was pending in the Arizona courts, the district court found that Summers' federal habeas petition was filed 79 days too late.

Summers appeals, arguing that her Rule 32 of-right proceeding was a form of "direct review" under 28 U.S.C. § 2244(d)(1)(A) that delayed the start of — rather than merely tolled — the running of the statute of limitations. For the reasons that follow, we agree with Summers.

## II.   Jurisdiction and Standard of Review

We have jurisdiction to review final district court orders pursuant to 28 U.S.C. § 1291. We review de novo a district court's dismissal of a petition for writ of habeas corpus under AEDPA's statute of limitations. *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (as amended). "We review de novo questions of statutory interpretation." *Santiago Salgado v. Garcia*, 384 F.3d 769, 771 (9th Cir. 2004).

## III.   Discussion

Because Summers filed her federal habeas petition after April 24, 1996, AEDPA applies. *Furman v. Wood*, 190 F.3d 1002, 1004 (9th Cir. 1999). AEDPA requires state prisoners to seek federal habeas corpus relief within one year after (1) "direct review" concludes, or (2) "the time for seeking such review" expires. 28 U.S.C. § 2244(d)(1)(A). The one-year limitations period is tolled while a "properly filed application for State post-conviction or other collateral review . . . is pending." *Id.* § 2244(d)(2).

Summers argues that Arizona's Rule 32 of-right proceeding, while not a conventional direct appeal, is nonetheless a

form of "direct review" under § 2244(d)(1)(A). The State of Arizona argues that a Rule 32 of-right proceeding is a form of "collateral review" under § 2244(d)(2). Whether an Arizona Rule 32 of-right proceeding is direct or collateral review under § 2244(d) is a question of first impression in this circuit.

## A. Question of First Impression

**[1]** We have dealt with Rule 32 in a similar factual context on one prior occasion. In *Isley v. Arizona Department of Corrections*, 383 F.3d 1054 (9th Cir. 2004), we reviewed a district court holding that the federal habeas petition of Arizona state prisoner Bradford Isley was untimely under § 2244(d). Similarly to Summers, Isley had entered a no contest plea, thereby waiving his right to a conventional direct appeal under Arizona law. *See Isley*, 383 F.3d at 1055. Isley timely filed notice of a Rule 32 of-right proceeding 77 days after his conviction and sentencing. He filed his actual Rule 32 petition 226 days after filing his notice. *Id.*

**[2]** Both Isley, acting pro se, and the State assumed that a Rule 32 of-right proceeding is collateral review under § 2244(d)(2). That is, both parties assumed that AEDPA's statute of limitations began to run as of the date of Isley's sentence and judgment, and that his Rule 32 proceeding tolled, rather than delayed the start of, the limitations period. Isley argued that the limitations period was tolled as soon as he filed his notice. The State argued, instead, that the limitations period was tolled only when Isley filed his actual petition. *Isley*, 383 F.3d at 1055. Without considering the possibility that a Rule 32 of-right proceeding might be a form of direct review under § 2244(d)(1)(A) rather than collateral review under § 2244(d)(2), we concluded that the tolling period began when Isley filed his notice. *Id.* at 1056. On the facts, we held that Isley was entitled to tolling and that his federal habeas petition was timely filed.

**[3]** The State argues, based on *Isley*, that Summers' Rule 32 of-right proceeding is collateral review under § 2244(d)(2). For three reasons, we conclude that *Isley* does not foreclose us from considering, as a matter of first impression, whether Arizona's Rule 32 of-right proceeding is a form of direct review under § 2244(d)(1)(A) or a form of collateral review under § 2244(d)(2).

First, both parties in *Isley* assumed without discussion that a Rule 32 of-right proceeding is a form of collateral review under § 2244(d)(2). Our assumption to that effect in *Isley*, based on the parties' uncontested joint position, was unconsidered dictum. "Judicial assumptions concerning . . . issues that are not contested are not holdings." *FDIC v. McSweeney*, 976 F.2d 532, 535 (9th Cir. 1992) (quoting *United States v. Daniels*, 902 F.2d 1238, 1241 (7th Cir. 1990) (quotation marks omitted)); *see also Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1173 (9th Cir. 2004); *United States v. Joyce*, 357 F.3d 921, 925 n.3 (9th Cir. 2004); *United States v. Johnson*, 256 F.3d 895, 915 (9th Cir. 2001) (en banc) (Kozinski, J., concurring) ("Where it is clear that a statement is made casually and without analysis, where the statement is uttered in passing without due consideration of the alternatives, or where it is merely a prelude to another legal issue that commands the panel's full attention, it may be appropriate to re-visit the issue in a later case.").

Second, a year after our decision in *Isley*, the Supreme Court held in *Halbert v. Michigan*, 545 U.S. 605 (2005), that a first-tier "of-right" review procedure available to a plea-convicted Michigan defendant in lieu of a conventional direct appeal is a form of "direct review" to which a constitutional right to counsel attaches under *Douglas v. California*, 372 U.S. 353 (1963). *Halbert*, 545 U.S. at 619 ("[T]he Court of Appeals' ruling on a plea-convicted defendant's claims provides the first, and likely the only, *direct review* the defendant's conviction and sentence will receive." (emphasis added)). The of-right proceeding available to plea-convicted

defendants in Michigan is analogous, though not identical, to a Rule 32 of-right proceeding in Arizona. Although *Halbert* did not directly deal with AEDPA, it signals that some non-traditional state review procedures are forms of direct rather than collateral review, and it casts doubt on the validity of our assumption in *Isley*. *See Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc).

Third, Arizona courts have explicitly stated, after our decision in *Isley*, that a Rule 32 of-right proceeding is a form of "direct review" rather than collateral review, and that it is "the functional equivalent of a direct appeal." *State v. Ward*, 118 P.3d 1122, 1125-26 (Ariz. Ct. App. 2005) (as amended), *rev. denied* (April 20, 2006); *see also State v. Cleere*, 138 P.3d 1181, 1184 n.2 (Ariz. Ct. App. 2006), *rev. denied* (June 27, 2006). These statements cast further doubt on our assumption in *Isley*. *See Pershing Park Villas Homeowners Ass'n v. United Pac. Ins. Co.*, 219 F.3d 895, 903 (9th Cir. 2000) (as amended); *Vasquez v. N. County Transit Dist.*, 292 F.3d 1049, 1054 (9th Cir. 2002) (as amended).

We therefore conclude that, notwithstanding *Isley*, we may decide as a matter of first impression the question whether an of-right proceeding under Arizona's Rule 32 is direct or collateral review under AEDPA.

## B. Analysis

### 1. "Ordinary, Contemporary, Common Meaning"

**[4]** The State urges us to hold that the phrase "direct review" excludes any form of review that is not a "direct appeal." But the phrase "direct review" rather than the phrase "direct appeal" is used in § 2244(d)(1)(A). Because AEDPA does not define "direct review," we look to its " 'ordinary, contemporary, common meaning,' absent an indication Congress intended [it] to bear some different import." *Williams v. Taylor*, 529 U.S. 420, 431 (2000) (citations omitted). In ordi-

nary legal usage, the definition of "review" is broader than that of "appeal." *Black's Law Dictionary* (8th ed. 1999) defines "review" as "[c]onsideration, inspection, or reexamination of a subject or thing," *id.* at 1345, while "appeal" means "[a] proceeding undertaken to have a decision reconsidered by a higher authority; esp[ecially] the submission of a lower court's or agency's decision to a higher court for review and possible reversal." *Id.* at 105. Under these definitions, a reexamination by a court of its own earlier decision can be a "review," even though it is not a "reconsider[ation] by a higher authority." *See Duncan v. Walker*, 533 U.S. 167, 177 (2001) (suggesting that Congress employed broad constructions in AEDPA to take into account state-by-state variation).

## 2.  Federal or State Law

**[5]** The federal courts of appeals that have classified state law procedures for purposes of AEDPA have divided on the threshold question of whether such a classification presents a question of state or federal law. The Fourth, Tenth, and Eleventh Circuits have treated the classification as a question of state law. *Frasch v. Peguese*, 414 F.3d 518, 522 (4th Cir. 2005); *Orange v. Calbone*, 318 F.3d 1167, 1170 (10th Cir. 2003); *Bridges v. Johnson*, 284 F.3d 1201, 1202 (11th Cir. 2002). These courts have concluded that "[i]n determining whether a particular state procedure constitutes part of the 'direct review' process for purposes of § 2244(d)(1)(A), a federal court must defer to underlying state court characterization of the procedure." *Orange*, 318 F.3d at 1170. By contrast, the Fifth and Sixth Circuits have held that classification, while heavily informed by state law, is ultimately a question of federal law. *Foreman v. Dretke*, 383 F.3d 336, 339 (5th Cir. 2004); *Lopez v. Wilson*, 426 F.3d 339, 351 (6th Cir. 2005) (en banc). For two reasons, we adopt the approach of the Fifth and Sixth Circuits.

First, we have already held, and the Supreme Court has confirmed, that the question of when a conviction becomes

"final by the conclusion of direct review," thus triggering the one-year statute of limitations under AEDPA, 28 U.S.C. § 2244(d), is a question of federal law. *White v. Klitzkie*, 281 F.3d 920, 923 n.4 (9th Cir. 2002); *Clay v. United States*, 537 U.S. 522, 531 (2003). Because the question of what constitutes direct review is intertwined with the question of when a decision on direct review becomes final, it makes sense to decide both questions by reference to uniform federal law. *See Foreman*, 383 F.3d at 338-39.

Second, the Supreme Court has instructed that when "applying a federal statute that interacts with state procedural rules" under AEDPA, courts must "look to how a state procedure functions, rather than the particular name that it bears." *Carey v. Saffold*, 536 U.S. 214, 223 (2002); *see also Duncan*, 533 U.S. at 177 (suggesting that classification under AEDPA is not governed by "the parlance of a particular jurisdiction"). Such an approach promotes consistency and predictability in the application of AEDPA even as it stays true to Congress's "purpose," in enacting AEDPA, "to further the principles of comity, finality, and federalism." *Williams*, 529 U.S. at 436.

**[6]** In analyzing whether Arizona's Rule 32 of-right proceeding is direct review within the meaning of § 2244(d)(1)(A), the determinative factor is how it functions in the Arizona criminal justice system. How Arizona chooses to characterize its Rule 32 of-right proceeding may affect, but cannot control, our analysis.

### 3. Rule 32 Of-Right Proceeding

Arizona's Constitution guarantees criminal defendants "the right to appeal in all cases." Ariz. Const. art. 2, § 24. In 1990, the voters of Arizona approved the Victims' Bill of Rights as an amendment to their Constitution. The Victims' Bill of Rights requires that "conclusion of [a] case after the conviction and sentence" be "prompt and final." *See id.* § 2.1(A)(10) & notes; *Slayton v. Shumway*, 800 P.2d 590 (Ariz. 1990) (in

banc) (discussing history of Victims' Rights Bill); *State v. Jimenez*, 935 P.2d 920, 922 (Ariz. Ct. App. 1996), *rev. denied* (Apr. 29, 1997).

Arizona Rule of Criminal Procedure Rule 32 was originally adopted in 1973 as a "unified procedure." Ariz. R. Crim. P. 32.1 general comment. It included all forms of post-conviction review under Arizona law other than direct appeal, and it replaced the "different mechanics, requirements and time limits" that had previously existed. *Id.*; *see also State v. Whipple*, 866 P.2d 1358, 1360 (Ariz. Ct. App. 1993). In 1992, Arizona Rule of Criminal Procedure 17.1(e) was amended to read: "By pleading guilty or no contest in a noncapital case, a defendant waives the right to have the appellate courts review the proceedings by way of direct appeal, and may seek review only by filing a petition for post-conviction relief pursuant to Rule 32 and, if denied, a petition for review." Ariz. R. Crim. P. 17.1(e). Rule 32 was amended at the same time to add of-right review proceedings. These changes to Rule 17 and Rule 32 were designed to implement the requirement of the Victim's Bill of Rights that the conclusion of a criminal case be "prompt and final" and to lessen the case load of the Courts of Appeals, but at the same time to obey the continuing command of the state Constitution that criminal defendants have "the right to appeal in all cases." *See Wilson v. Ellis*, 859 P.2d 744, 746 (Ariz. 1993) (in banc); Charles R. Krull, *Eliminating Appeals from Guilty Pleas*, Ariz. Att'y, Oct. 1992, at 34-35. As a result of the 1992 amendments, Rule 32 is no longer a "unified procedure." The first and second paragraphs of Rule 32.1 now distinguish between "Rule 32 of-right proceeding[s]" and all other Rule 32 post-conviction proceedings. Ariz. R. Crim. P. 32.1; *see Rodriguez v. Spencer*, 412 F.3d 29, 34-36 (1st Cir. 2005) (recognizing that some state procedures are hybrid for AEDPA classification purposes).

To bring an of-right proceeding under Rule 32, a plea-convicted defendant must provide to the Arizona Superior

Court, within 90 days of conviction and sentencing in that court, notice of his or her intent to file a Petition for Post-Conviction Review. Ariz. R. Crim. P. 32.4(a). When the petition is filed, the Superior Court must provide an opportunity for a response and reply. *Id.* 32.6. If there are colorable claims for which additional evidence is required, the Superior Court must hold an evidentiary hearing. *Id.* 32.6(c), 32.8. Indigent petitioners in Rule 32 of-right proceedings are entitled to appointed counsel, even in non-capital cases. *Id.* 32.4(c)(2). By contrast, indigent petitioners in other Rule 32 proceedings are not entitled to appointed counsel in non-capital cases. *State v. Krum*, 903 P.2d 596, 600 & n.5 (Ariz. 1995) (in banc); *State v. McDonald*, 960 P.2d 644, 645 (Ariz. Ct. App. 1998) (as amended), *rev. denied* (Feb. 23, 1999). The Superior Court's disposition of a Rule 32 of-right proceeding may include "vacating, reducing, correcting or otherwise changing" the defendant's judgment or sentence. Ariz. R. Crim. P. 32.8, 32.5. Unsuccessful Rule 32 of-right petitioners in the Superior Court may seek discretionary review of the decision of the Superior Court in the Arizona Court of Appeals and in the Arizona Supreme Court. *Id.* at 32.9.

**[7]** Arizona courts have repeatedly characterized Rule 32 of-right proceedings as the functional equivalent of direct appeals, and have distinguished them from other Rule 32 proceedings. The Arizona Supreme Court first considered the then-newly adopted Rule 32 of-right proceeding in *Wilson v. Ellis*. It recognized the right of indigent plea-convicted defendants in a Rule 32 of-right proceeding to a transcript at public expense, a right otherwise available in a conventional direct appeal. 859 P.2d at 747. The state Supreme Court held that the state constitutional right to appeal could not "be waived merely by a plea or admission," and that "[i]t was precisely because of art. 2, § 24 [of the state Constitution] that this court expressly left open the avenue of appellate review by [Rule 32 of-right proceeding] in lieu of direct appeal when it amended the rules . . . ." *Id.* at 746; *see also State v. Smith*, 910 P.2d 1, 3 (Ariz. 1996) (in banc) ("[T]he *trial court* pro-

vides the pleading defendant a form of post-conviction *appellate review* via motion under Rule 32." (emphases added)).

**[8]** In *Montgomery v. Sheldon*, 889 P.2d 614 (Ariz. 1995) (in banc) ("*Montgomery I*"), *supplemented by* 893 P.2d 1281 (in banc) ("*Montgomery II*"), the Arizona Supreme Court recognized that a Rule 32 of-right proceeding is "procedurally distinct" from a conventional direct appeal, but it observed that as "the only means available for exercising the constitutional right to appellate review," the proceeding is "analogous to a direct appeal for a pleading defendant." *Id.* at 616, 618 n.5. The Court therefore held that a procedure for withdrawal of counsel similar to that constitutionally required in direct appeals by *Anders v. California*, 386 U.S. 738 (1967), is required in Rule 32 of-right proceedings. *Id.* at 618; *see also Smith*, 910 P.2d at 3-4. In *Montgomery II*, the Arizona Supreme Court reiterated that "a Rule 32 proceeding is *the* appeal for a defendant pleading guilty." 893 P.2d at 1282 (emphasis in original).

In *State v. Pruett*, 912 P.2d 1357 (Ariz. Ct. App. 1995), *rev. denied* (Mar. 19, 1996), the Arizona Court of Appeals held that, in contrast to other indigent defendants proceeding under Rule 32, indigent plea-convicted defendants seeking of-right review are "constitutionally entitled to the effective assistance of counsel." *Id.* at 1359-60; *cf. Krum*, 903 P.2d at 600 & n.5; *McDonald*, 960 P.2d at 645. The Court of Appeals acknowledged the United States Supreme Court's holding in *Pennsylvania v. Finley*, 481 U.S. 551 (1987), that no constitutional right to counsel attached in "post-conviction" proceedings, but it distinguished Rule 32 of-right review on the ground that this procedure is, for plea-convicted defendants in Arizona, "the counterpart of a direct appeal." *Pruett*, 912 P.2d at 1359-60.

Most recently, two Arizona Courts of Appeals have held that the Supreme Court's opinion in *Blakely v. Washington*, 542 U.S. 296 (2004), applies not only to conventional direct

appeals but also to Rule 32 of-right proceedings that were pending when *Blakely* was decided. *See Ward*, 118 P.3d at 1126-27; *Cleere*, 138 P.3d at 1184 n.2. In *State v. Ward*, the Arizona Court of Appeals, after recognizing that new constitutional rules usually apply retroactively only to "convictions not yet final on direct review," and not to cases on "collateral review," placed the Rule 32 of-right proceeding squarely in the former category. 118 P.3d at 1125-26. It described Arizona's Rule 32 of-right proceeding as "the functional equivalent of a direct appeal." *Id.* at 1126.

## Conclusion

**[9]** We therefore conclude that Arizona's Rule 32 of-right proceeding for plea-convicted defendants is a form of direct review within the meaning of 28 U.S.C. § 2244(d)(1)(A). We believe that this conclusion is consistent with "the principles of comity, finality, and federalism" that AEDPA was intended to promote. *Williams*, 529 U.S. at 436. Treating Arizona's Rule 32 of-right proceeding as a form of direct review helps ensure that state courts have a full opportunity to consider state prisoners' claims before they are presented to the federal courts. *See Duncan*, 533 U.S. at 179-80; *see also Rodriguez*, 412 F.3d at 35. Moreover, because the Rule 32 of-right proceeding is governed by short, definite deadlines, there is little danger that recognizing it as a form of direct review will "open the door to abusive delay." *Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2005). In fact, plea-convicted defendants were provided the of-right proceeding under Rule 32 in lieu of conventional direct appeal precisely because Rule 32 was seen as a more effective and speedy means to achieve finality. Finally, treating the Rule 32 of-right proceeding as a form of direct review helps make the Arizona Constitution's guarantee of "the right to appeal in all cases" a functioning reality rather than a mere form of words.

**[10]** Because Summers' Rule 32 of-right proceeding was a form of direct review under § 2244(d)(1)(A), AEDPA's stat-

ute of limitations did not begin to run until 90 days after the Arizona Supreme Court denied her petition for review on October 31, 2002. *See White*, 281 F.3d at 923 n.4 (date of denial of review, not issuance of mandate, is relevant for AEDPA calculations); *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999) ("[T]he period of 'direct review' . . . includes the [90-day] period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court, whether or not the petitioner actually files such a petition."). Therefore, Summers had until January 29, 2004 to file her petition for federal habeas relief, and her December 12, 2003 petition was timely filed.

REVERSED AND REMANDED.