**Eric Jay HOLDEN, Petitioner–Appellant,**

v.

**David W. MARQUEZ, Respondent–Appellee.**

No. 07–35455.

United States Court of Appeals, Ninth Circuit.

Submitted July 14, 2009.*

Filed July 23, 2009.

Mary C. Geddes, Esq., Fpdak–Federal Public Defender's Office, Anchorage, AK, for Petitioner–Appellant.

Douglas H. Kossler, Esq., State of Alaska Office of Special Prosecutions & Appeals, Diane L. Wendlandt, Esq., Agak–Office of the Alaska Attorney General (Anchorage) Special Prosecutions & Appeals Division, Anchorage, AK, for Respondent–Appellee.

Before: SCHROEDER, THOMAS, and WARDLAW, Circuit Judges.

MEMORANDUM **

Alaska state prisoner Eric Jay Holden appeals from the district court's judgment dismissing his 28 U.S.C. § 2254 petition as untimely. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

Holden contends that his federal petition was timely because Alaska's post-conviction procedures for reviewing ineffective assistance of counsel claims are in effect a form of "direct review," *see* 28 U.S.C. § 2244(d)(1)(A), and therefore the one-year limitations period should not have commenced until the conclusion of those proceedings. This contention lacks merit. *See, e.g., Ferguson v. Palmateer,* 321 F.3d 820, 823 (9th Cir.2003); *cf. Summers v. Schriro,* 481 F.3d 710, 716–17 (9th Cir. 2007).

We construe Holden's briefing of uncertified issues as a motion to expand the certificate of appealability, and we deny the motion. *See* 9th Cir. R. 22–1(e); *see*

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*also Hiivala v. Wood,* 195 F.3d 1098, 1104–05 (9th Cir.1999) (per curiam).

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.