**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT



FILED

APR 24 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WARREN FRANK STAFFORD, | No. 10-16356 |
| Petitioner - Appellant, | D.C. No. 4:09-cv-00363-DCB |
| v. | |
| CHARLES L. RYAN; ATTORNEY GENERAL OF THE STATE OF ARIZONA, | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
David C. Bury, District Judge, Presiding

Submitted April 16, 2012[**]
San Francisco, California

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel granted Petitioner-Appellant's unopposed motion to submit this case for decision without oral argument pursuant to Federal Rule of Appellate Procedure 34(f).

Before: McKEOWN and N.R. SMITH, Circuit Judges, and NGUYEN, District Judge.***

Warren Frank Stafford appeals the district court's conclusion that his 28 U.S.C. § 2254 habeas corpus petition is time-barred by the one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).[1] We have jurisdiction pursuant to 28 U.S.C. § 2253. We reverse the district court's decision and remand for consideration of the merits of Stafford's habeas petition.

"We review de novo a district court's dismissal of a petition for writ of habeas corpus under AEDPA's statute of limitations." *Summers v. Schriro*, 481 F.3d 710, 712 (9th Cir. 2007). "We [also] review de novo questions of statutory interpretation." *Id.* (internal quotation marks omitted).

The AEDPA one-year limitations period is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." 28 U.S.C. § 2244(d)(2). "[A]n application is '*properly* filed' when its delivery and acceptance are in compliance

---

*** The Honorable Jacqueline H. Nguyen, District Judge for the U.S. District Court for the Central District of California, sitting by designation.

[1] Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our decision.

2

with the applicable laws and rules governing filings," including "the time limits upon its delivery . . . ." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). Moreover, even if a petitioner files an application after the generally applicable state time limit, the application is properly filed if it fits within any exception to that limit. *Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2005); *see also Hemmerle v. Schriro*, 495 F.3d 1069, 1074 (9th Cir. 2007) ("[W]here notice is filed in conformity with the pertinent Arizona statutory provisions and contains a specific prayer for relief . . . , 'it is sufficient to toll the AEDPA statute of limitations.'" (quoting *Isley v. Ariz. Dep't of Corr.*, 383 F.3d 1054, 1056 (9th Cir. 2004))).

Here, statutory tolling is appropriate, because Stafford properly filed his second notice of post-conviction relief under Arizona rules. Ariz. R. Crim. P. 32.4(a) ("A proceeding is commenced by timely filing a notice of post-conviction relief with the court in which the conviction occurred."); *Isley*, 383 F.3d at 1055-56 ("Arizona post-conviction rules demonstrate that the proceedings begin with the filing of the Notice."). Stafford was allowed to file his second notice after the generally applicable deadline in Rule 32.4(a),[2] because (1) he sought relief based on newly discovered evidence under Rule 32.1(e), Ariz. R. Crim. P. 32.4(a) ("Any

_____

[2] Unless otherwise indicated, the references to rules herein relate to the Arizona Rules of Criminal Procedure.

3

notice not timely filed may only raise claims pursuant to Rule 32.1(d), (e), (f), (g), or (h)."); and (2) his second notice of post-conviction relief "set forth the substance of the specific exception and the reasons for not raising the claim in the previous petition or in a timely manner," Ariz. R. Crim. P. 32.2(b).

The Arizona Superior Court's actions support our decision. It necessarily found Stafford's notice timely based on Rule 32.4(a) and Rule 32.2(b), because it allowed Stafford an extension to file a petition pro per and did not summarily dismiss his notice. *See* Ariz. R. Crim. P. 32.2(b) ("If the specific exception and meritorious reasons do not appear substantiating the claim and indicating why the claim was not stated in the previous petition or in a timely manner, the notice shall be summarily dismissed."); *Walton v. Arizona*, 497 U.S. 639, 653 (1990) ("Trial judges are presumed to know the law and to apply it in making their decisions."), *overruled on other grounds by Ring v. Arizona*, 536 U.S. 584, 609 (2002).

Lastly, Stafford did not have to file a petition to commence a post-conviction relief proceeding, because Arizona requires a notice (not a petition) to be filed to commence post-conviction relief proceedings. *See* Ariz. R. Crim. P. 32.1; *id.* at 32.4; *Hemmerle*, 495 F.3d at 1074.

REVERSED and REMANDED.

4